R. W. Zickefoose and Hazel N. Zickefoose, Parents of Laverne Roy Zickefoose, a Minor, Deceased, Respondents, v. Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, a Corporation, Appellant.—157 S. W. (2d) 259.

Springfield Court of Appeals, December 26, 1941.

Rehearing denied January 6, 1942.

*Thomas J. Cole* and *A. M. Spradling* for appellant.

692

*L. E. Tedrick* and *Phillips & Phillips* for respondent.

SMITH, J.—This is an action for damages in the death of Laverne Roy Zickefoose, a minor, which occurred at Neelyville, Missouri, on the 10th day of February, 1937. The suit was instituted by the parents of the deceased in the Circuit Court of Butler County, on the 6th day of May, 1937. On application for a change of venue by appellant, the cause was transferred from Butler County to Stoddard County. The cause was tried in the Circuit Court of Stoddard County on the 24th day of January, 1938, resulting in a verdict of the jury for defendant. On the 26th day of January, 1938, the plaintiffs filed their motion for a new trial which was sustained by the court on the 3rd day of March, 1939, and, on the same day and at the same term, the defendant filed his application and affidavit for an appeal to the Supreme Court. The application for an appeal was sustained and

defendant appealed said cause. The ruling of the trial court was sustained in an opinion rendered by the Supreme Court in 148 S. W. (2d) 784.

This cause was again tried in the Circuit Court of Stoddard County on the 7th day of May, 1941, resulting in a verdict in favor of the plaintiffs in the sum of $2,000 and defendant has appealed from the verdict and judgment of the court in said cause.

We have carefully read the evidence as presented by the abstract before us, and have read the case as considered by the Supreme Court reported in 148 S. W. (2d) beginning at page 784, and we find no difference in the pleadings and no material difference in the facts presented to us from those minutely described in the opinion of the Supreme Court, so we deem it not necessary for us to detail the facts here, but refer those interested to the opinion by the Supreme Court for the facts in this hearing.

The appeal is presented to us under three separate assignments of error briefed by the appellant, and we shall consider these in the order presented.

The first of these assignments (considered under five separate subheads), is stated as follows:

"Appellant offered and the court refused his demurrer at the close of respondent's case and at the close of all the evidence in the case. The cause was submitted to the jury under the last chance, or humanitarian doctrine. Appellant submits that there was no evidence in the case under which the cause could be submitted on that theory, and that the demurrers to the evidence should have been sustained and the court committed error in overruling them."

We think it is sufficient for us to say that this very question has been decided by the Supreme Court when this case was before it, in which that court said, at page 792 of 148 S. W. (2d):

"Since Brakeman Davidson testified the train was barely moving, we think it fair to assume it did not exceed the ordinary walking speed of the average man, which we have judicially noticed is two or three miles per hour, or 2.9 feet to 4.4 feet per second. [McGowan v. Wells, 324 Mo. 652, 666, 24 S. W. (2d) 633, 639.] It moved six to twenty feet before the collision, according to the evidence, which means the movements spanned several seconds—as many as seven seconds, giving the testimony the interpretation most favorable to respondents, as we must do. During that time the truck was bearing down at twenty to twenty-five miles per hour, or twenty-nine to thirty-seven feet per second. The conclusion mathematically follows that the truck must have been well over 100 feet from the track when the train movement began. It was at that time that the fireman told the engineer the truck was coming, showing he thought the situation was perilous. The engineer denied it. But whether the fireman did nor did not warn the engineer, or if he did, whether

he warned him adequately, the fact remains that no warning signal was given with the engine whistle. Several of the train crew testified the whistle was sounded three times when the train started to back up, but there was substantial evidence to the contrary. Taking the latter as true, and not meaning to rule as a matter of law that the deceased could have checked the speed of the track enough to save his life after the whistle was sounded, if it had been sounded, still we think it was a question about which average men might reasonably differ, and therefore for the jury.''

This court has frequently held, as well. as the other courts of this State, that decisions of the Supreme Court are binding upon us. [Gauck v. Advance Finance Co., 17 S. W. (2d) 576; Consolidated School District v. Parma Bank, 52 S. W. (2d) 425.]

We must decide this point against the appellant.

Under the second assignment briefed, it is said:

''The collision and death of deceased was due to the sole negligence of the driver and the court should have directed a verdict for appellant.''

Under the ruling of the Supreme Court in this case, we must rule this point against the appellant, for that court has said that it was a question for the jury as to whether or not under the humanitarian doctrine the defendant's negligence caused the death.

The third and last point briefed complains of error in giving Instruction P-1 for the plaintiff, which instruction is as follows:

''The Court instructs the jury that even though you may find and believe from the evidence introduced in the trial of this case that deceased Layerne Roy Zickefoose was guilty of negligence that directly contributed to his own death and that he negligently drove his truck in which he was riding against the side of defendant's train at the time and place mentioned in evidence, yet, if you further find and believe from the evidence that defendant's employees in charge of the engine of said train, saw or could have seen by the exercise of ordinary care, the truck in which deceased was riding, approaching the crossing on which defendant's train was at the time and in a position of peril of collision with said train (if you find) and knew or could have known by the exercise of such degree of care that deceased was oblivious (if you find) of the presence of said train on said crossing, in time thereafter to have warned deceased of the presence of said train on said crossing with the means at hand and without injury to said train or the persons thereon and thus prevented the said collision (if you so find) and that defendant's said employees negligently failed to do so and that as a result of such negligent failure, if any, on the part of defendant's said employees, deceased drove said truck into the side of said train and as a result received injuries from which he died on the same day in Butler County, Missouri, then and in that event your verdict will be for the plaintiffs, if you further find and believe that plaintiffs were the

parents of said Laverne Roy Zickefoose and that he died at the age of seventeen years, leaving no wife or minor child or children surviving him.''

The appellant contends that this instruction has been condemned by the courts, and cites several cases in support of that contention. We have read those cases, but deem it unnecessary to consider them separately here. It is sufficient to say that the instruction, quoted above, used in this case is different in some respects from those considered in the opinions cited by appellant. The gist of the argument presented here is that a person cannot be in a position of peril and approaching a position of peril at the same time. And some of the opinions cited by appellant so state. A careful reading of this instruction will show that it does not contain such words. This instruction contains these words: ''. . . that defendant's employees . . . saw or could have seen by the exercise of ordinary care, the truck in which deceased was riding, *approaching the crossing on which defendant's train was at the time and in a position of peril of collision*, etc.''

We think this instruction in its form given properly informed the jury, and that to give it in its present form was not reversible error. It contains elements necessary in a humanitarian case under the facts as presented here. [Banks v. Morris & Co., 257 S. W. 482, 302 Mo. 254; Reiling v. Russell, 153 S. W. (2d) 6, l. c. 10.]

It is also contended here that Instruction P-1 is in conflict with Instruction 10-D given on behalf of the defendant.

Respondents call our attention to the fact that this point was not called to the attention of the trial court in the motion for new trial. An examination of the motion so shows. It follows that the point was not properly preserved for this court on appeal. [Harwell v. Magill (Mo.), 153 S. W. (2d) 362, 364.] The judgment is affirmed. *Fulbright, J.,* concurs; *Blair, P. J.,* not sitting.