56 So.2d 880 (1952)
KIMBRELL
v.
AMERICAN INDEMNITY CO.
No. 7779.
Court of Appeal of Louisiana, Second Circuit.
January 30, 1952.
Rehearing Denied March 3, 1952.
Irion & Switzer, Shreveport, for appellant.
G. F. Thomas, Jr., Natchitoches, for appellee.
HARDY, Judge.
This is an action in which plaintiff claims damages against defendant as the liability insurer of the City of Natchitoches, which damages allegedly resulted from the negligence of a police officer in the employ of the said city. After trial there was judgment in favor of plaintiff in the amount of $1,200.00, from which defendant has brought this appeal.
The facts show that on December 15, 1950 plaintiff, a 52-year old carpenter, was observed lying on the bank of Cane River in the City of Natchitoches, in a drunken stupor, and was taken into custody by city police officers. The police transported plaintiff to the city jail and one of them undertook the task of incarcerating him in a cell thereof. Although a little recovered from his stupified condition plaintiff was completely intoxicated and was able to walk only with the officer's assistance. Upon reaching the cell the officer thrust plaintiff inside and attempted to close the door. Plaintiff resisted the closing of the door but the officer overcame his struggles and slammed and locked the cell door. After the officer had taken some few steps down the passageway of the cell block his attention was attracted by the cries of plaintiff and by others present at the scene. Turning back toward plaintiff's cell the officer discovered that in slamming the door he had caught the little finger of plaintiff's left hand. Upon this discovery he rushed back, unlocked the door and immediately had plaintiff taken to the hospital where it was found necessary to amputate the severely mashed digit.
Plaintiff here seeks the recovery of damages, alleging the negligence of the police officer as ground for his claim. Defendant answered, denying the officer's negligence, *881 and alternatively asserted the contributory negligence of plaintiff as a bar to recovery. Concededly these are the two principal questions presented for determination.
Under the facts we think there is little question as to the officer's negligence. The trial Judge found that the proximate cause of the accident was the action of the officer in closing the cell door before ascertaining that no injury would result to the prisoner. With this finding we are in complete accord. It is true that the prisoner was struggling and was impeding the efforts of the officer, but it is also true that these actions were obviously the result of his intoxicated condition, which in itself should have impelled the officer to the use of a higher degree of care than would have been necessary or expected in the case of one who was entirely sober and completely responsible for his actions.
Interrelated with the question of negligence in this case is the plea of contributory negligence strenuously urged on behalf of defendant. It must be conceded, as contended by learned counsel, that voluntary intoxication does not relieve one from the effects of his own negligence. 65 C.J.S., Negligence, § 143, page 784; 38 Amer.Juris. 883. However, the facts of the instant case do not bring the proposition within the general rule. This is an instance in which the intoxicated condition of the plaintiff, as we have above observed, required unusual care on the part of the city's agents and employees. Certainly the officer was justified in using whatever force was necessary in confining his prisoner, but there was no justification for his lack of care which resulted in injury. Nor is there ground for refusing relief to plaintiff since the facts clearly indicate that in his condition he was not able to take care of himself. The principle has been succinctly stated in Horsthemke v. New Orleans Ry. & Light Co., 146 La. 931, 84 So. 210, 211: "Conceding, however, that the conductor was justified in expelling an intoxicated passenger, the conductor's duty was to have due regard for the safety of the passenger, particularly if his condition of intoxication interfered with his taking care of himself." (Emphasis by the Court.)
This principle has also been enunciated in Gouzien v. Feraci, 2 La.App. 115, in the following words: "* * * being drunk did not put him (plaintiff) beyond the protection of the law. On the contrary, it placed him in the position of a childor of those unable to take care of themselves and called for more caution on the part of others."
The only remaining point involved bears upon the quantum of damages. It is shown that plaintiff lost about eleven weeks from work as the result of his injury. He was employed as a carpenter at weekly wages which averaged about $60.00. There is nothing to indicate that he could not have been more or less regularly employed during the period of his enforced inactivity, and it therefore follows that an allowance in excess of $600.00 would be reasonable in response to this item of plaintiff's claim.
There is no question that plaintiff suffered considerable pain, although it is urged by defendant that his condition more or less anesthetized him against such pain. This may have been true for a period of time but there is no doubt that plaintiff continued to suffer for a considerable period of time. Medical testimony is conclusive on the point that amputation stumps are notoriously painful and the pain resulting therefrom may last for a period of years. Additionally there is credible testimony in the record to the effect that plaintiff has experienced a considerable amount of inconvenience in following his trade as the result of his injury. Taking all of these elements into consideration we do not think an award of $500.00, more or less, is excessive.
Plaintiff has answered the appeal, praying an increase in the judgment to an amount of $6,700.00, but we do not find that any increase is justified.
Considering all the factors involved, we are of the opinion that the award of the trial Court in the sum of $1,200.00 is neither excessive nor inadequate.
*882 For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
KENNON, J., not participating.