CULPEPPER, Judge.
This is a suit for damages for personal injuries. The plaintiff, Mrs. Lorraine Huck-aby, allegedly stepped in a hole in the floor and fell, while dancing in a bar room and dance hall, operated by the defendant, Louis Darbonne. The district judge found the concrete floor was in a “rough state” but that Mrs. Huckaby was “very drunk” and her condition was a contributing cause of the accident, barring her recovery. From an adverse judgment plaintiffs appealed.
The premises in question is known as “Lake View Park”, a bar and dance hall, with surrounding park and barbecue pits, located on a lake about three miles from Eunice, Louisiana. The inside of the building is essentially one large room, with a long bar on one side and dancing area and tables on the other. The finishing layer of the concrete floor was apparently defective and crumbled in spots, leaving several shallow depressions. Although the evidence is conflicting as to the size and depth of the “hole” in which Mrs. Huckaby allegedly stepped and fell, we gather that it must have been about 18 inches in diameter and slanted to a depth of about to 1 inch near the center.
The defendant, Louis Darbonne, testified he had operated the place for about 2 years and knew the bad condition of the floor might cause one of his customers to fall, but, nevertheless, he neglected to repair it and gave no warning of the hazard.
The general rule, established by our jurisprudence, is that the operator of a business establishment owes his customers the duty to keep the floors and passageways in a reasonably safe condition, for use in a manner consistent with the purposes of the premises. Pie must avoid reasonably foreseeable dangers to his business invitees. But, he is not an insurer of their safety and is not liable for injury resulting from a condition which is reasonably observable and should have been seen and appreciated by the invitee before exposing himself to it. Levert v. Travelers Indemnity Co., La.App., 140 So.2d 811 (3rd Cir.1962); Lejeune v. Hartford Accident & Indemnity Co., La.App., 136 So.2d 157 (3rd Cir.1962).
Under this jurisprudence, we think that defendant here was negligent. It was reasonably foreseeable that a customer, while dancing, might fail to see one of these shallow holes and stumble in it. It was admittedly a defect in the floor and was not reasonably observable to a dancer exercising ordinary care.
The next issue is the alternative defense of contributory negligence. In. support of. this plea, defendant’s first argument is that plaintiff’s voluntary intoxication was a contributing cause of her fall. This was the substantial finding of the trial judge.
The question is purely factual and r simply the degree of Mrs. Huckaby’s in toxication on the night of the acciden'. The testimony is conflicting and confusing. Mrs. Huckaby admits drinking 1 gin an<7 water at “Manuel’s Place” about 8:00 p. m and three more, and part of a fourth, at Lake View Park between 9 and 10 o’clocl p. m. But, she says she has worked in bars and is accustomed to drinking and was not “drunk” when the accident occurred about 10 o’clock p. m.
*916 She is corroborated by Mr. Manuel who says she was not “drunk” at his place about 8:00 p. m., but that she had two drinks there, instead of one. Her husband left her at Lake View Park about 9:00 p. m. and says she was not “drunk” then. Her dancing partner, John Fontenot, said she was not “drunk” when she fell.
The defendant, Louis Darbonne, testified at the trial that Mrs. Huckaby was not “drunk”, by which he meant she could walk, and talk and dance. However, a prior statement taken by an insurance adjuster from Darbonne, was to the effect that plaintiff was so drunk she could hardly walk.
A Mrs. Fruge testified she saw plaintiff enter the hospital some time before midnight and plaintiff was not drunk. Dr. E. J. DeRouen, Jr. says he first saw plaintiff in the emergency room of the hospital about 1:10 a. m. and she had been drinking, but was not “clinically intoxicated.”
Mae Russell said plaintiff and her husband were at her lounge about 7:30 to 8:30 p. m. and both were staggering drunk. But, she is not sure it was the same night as the accident.
Isabelle Courville, a bar maid at defendant’s establishment, said plaintiff was still there after midnight and was very drunk 'and left with Haminy Guillory, instead of John Fontenot. But Isabelle also was not certain it was the same night.
It is also noteworthy, that although many people were present, no one testified to seeing the accident except plaintiff and her dancing partner. .
From the above brief review of the testimony, it is apparent that a decision rests in large 'measure on an assessment of the credibility of the witnesses. The trial judge who saw and heard them, was in a better position to properly evaluate this aspect of the case, than are we who see only the typed record. Under these circumstances -we find no manifest error in his following conclusions of fact:
“On the night of the alleged injuries the evidence indicates that the plaintiffs, husband and wife, began on a drinking spree in Eunice, Louisiana early in the afternoon, and that during the evening around 9:00 o’clock, the husband ran away from the wife. The husband had just returned from an extended trip, apparently working away from home, and had Five Hundred ($500.00) Dollars in his pocket. The wife was concerned about the money in his pocket and he was trying to hide from her. While the evidence is confusing as to all of the activities of the plaintiff, Lorraine, there is one thing that stands out and that is that she was drunk, as was stated by some of the witnesses “very drunk”.
 Our jurisprudence is established that a person who has become voluntarily intoxicated must use the same degree of care for his own safety as that required of one who is sober. Manuel v. United States Fidelity & Guaranty Co., La.App., 140 So.2d 702 (3rd Cir.1962); 65 C.J.S. Verbo Negligence § 143, p. 784. As applied here, this means that if Mrs. Huckaby’s drunkenness was a contributing cause of 'her fall, then her recovery is barred. We affirm the trial judge’s finding that she was “very drunk” and that this was a contributing cause of the accident.
In view of the decision we have reached above, it is unnecessary for us to discuss defendant’s further contention that plaintiff was also contributorily negligent in that she knew the condition of the floor and assumed the risk of dancing on it.
•Plaintiff also argues the district judge erroneously placed the burden on plaintiff to exculpate herself from any contributory negligence; and that had he correctly put this burden on defendant, he would have reached a different decision. We think a reading of the trial judge’s written reasons, as a whole, shows he found the preponderance of the credible evidence proved Mrs. *917 Huckaby was drunk” and that this was a cause of her fall. We do not believe the trial judge reached this result on the basis of burden of proof.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.