SANDERS, Justice
(dissenting).
This case raises serious questions vitally affecting delictual responsibility in Louisiana. Because of its importance to our jurisprudence, I must record my dissent. I do so with utmost deference to the views of my brethren, who have dismissed the suit without trial.
Plaintiff Lee sustained disabling injuries when an automobile struck him on the highway bordering Sale’s nightclub, after he had been ejected from the club in an intoxicated *995 condition. He sued Kimmerly, owner of Sak’s, and Peerless Insurance Company, his insurer, for damages.
The petition alleges: Sak’s is a night club located on U. S. Highway 80 in Bossier Parish. The highway serves as the only exit from the night club premises. It is a four-laned, transcontinental highway, heavily traveled by vehicles moving at a high rate of speed.
Sak’s offers late evening entertainment in its Boom Boom Room, built around the sale of intoxicating liquor through waitresses who coax customers to drink.
At about nine p. m. on June 27, 1963, plaintiff Lee went to Sak’s Boom Boom Room with friends. Although Lee had been drinking alcoholic beverages before that time, he was not yet intoxicated. He ordered a few drinks, and thereafter, coaxing him to drink more, the waitresses plied him with liquor.
He became very intoxicated. He fell down a number of times, breaking his watch in one fall. This erratic behavior took place under the eyes of the night club employees.
Despite plaintiff’s visible intoxication, the waitresses continued to coax him to buy drinks throughout the evening. ' By 1:30 a. m., closing time, he had consumed thirty to forty drinks of intoxicating liquor, rendering him “helpless mentally and almost physically,” to the knowledge of Sak’s and its employees.
Although Sak’s was fully aware of his helpless condition and his inability to look after himself, he was "required to leave” the building and was “turned out” on its premises adjacent to U. S. Highway 80, the only egress. He wandered into the highway and, because of his helplessness, could not “take account of traffic.” He was run down and seriously injured on the highway slightly south of Sak’s.
Plaintiff particularizes the negligence of Sak’s employees as follows:
“a) Selling alcoholic beverages to plaintiff while he was obviously intoxicated, in violation of LSA-R.S. 26:88. * * *
“b) Causing the helplessness hereinafter referred to by coaxing plaintiff to buy and by selling to plaintiff alcoholic beverages when he was obviously intoxicated.
“c) Coaxing plaintiff to buy and consume alcoholic beverages after it became obvious he was mentally and almost physically helpless, thus accentuating and intensifying said condition of helplessness.
“d) Forcing plaintiff to leave a position of relative safety inside Sak’s and move to a position of great danger outside Sak’s in close proximity to a heavily traveled high *997 way; said latter position being obviously acutely dangerous for plaintiff because of his helplessness which they had caused.
“e) Abandoning plaintiff in front of Sak’s, well knowing he was in a place of excessive hazard where serious injury to him was foreseeable and almost inevitable, all after having procured plaintiff’s drunkenness to the point where he could not look after himself.”
Plaintiff alleges “said acts of negligence were a proximate cause of the * * * accident and injuries to plaintiff.”
Plaintiff further alleges a point had been reached shortly after 9:00 p. m. when plaintiff ceased to “know and to be able to” stop drinking. Although the club’s employees knew of his intoxication and knew that further drinking would be harmful, they continued to sell and serve him drinks. Had they refused to sell him any more drinks, as was their duty under the law, he would have regained his faculties by the time he was evicted from the club, thereby avoiding injury.
Alternatively, plaintiff pleads Last Clear Chance.
To the petition, the defendants filed a peremptory exception of no cause of action, asserting “the allegations of plaintiff’s petition herein affirmatively allege that he was guilty of contributory negligence which was a proximate cause of the accident complained of.”
The district court sustained the exception and dismissed the suit. The Court of Appeal affirmed the judgment. That court concluded the intoxicated plaintiff removed himself from a place of safety to the highway, and consequently his contributory negligence barred his recovery. See 175 So. 2d 381. This Court now affirms the judgment maintaining the exception on two' grounds:
(1) An injured patron of a nightclub liquor vendor has no cause of action in Louisiana against the vendor based upon the unlawful or negligent sale of intoxicating liquor to the patrdii, because such sale is not the proximate cause of an injury arising from alcohol-induced incompetence.
(2) The petition discloses plaintiff’s contributory negligence, which bars his recovery.[1]
I shall consider separately the questions posed by these diverse holdings.

Does plaintiff have a cause of action against defendants in the absence of a disclosure of contributory negligence barring his recovery?

*999 As the outset, I note the exception of no cause of action pleads only contributory negligence. Under our jurisprudence, the pleading implies a cause of action would exist in plaintiff’s favor but for his own negligence cooperating with that of the defendant to produce the injury. The pleading concedes defendant’s causal fault, or primary negligence. Buechner v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L.R.A. 334, 104 Am.St.Rep. 455; Gilliam v. Lumbermens Mutual Casualty Co., La. App., 119 So.2d 657, revd. on other grounds, 240 La. 697, 124 So.2d 913; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717; Burmaster v. Texas Pacific-Missouri Pacific T. R. R., La.App., 174 So. 135; Howard v. Rowan, La.App., 154 So. 382; 65 C.J.S. Negligence § 198, pp. 922-923.
Apparently complying with the foregoing rule, the Court of Appeal “assumed” defendant’s primary negligence, and neither party briefed the question in this Court. However, I do not rest my dissent on this formal concession of the pleader, though I could properly do so, for I am strongly convinced the petition alleges a primary cause of action.
The action is founded upon Articles 2315 and 2316 of the Louisiana Civil Code, which provide:
“Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it * *
“Art. 2316. Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.”
For a cause of action under these articles, the petition must show fault, causation, and damage. The exception of no cause of action admits all well-pleaded allegations of the petition.
Defendant has not questioned the injury or damage allegations.
The fault requirement is sometimes divided into duty and breach of duty. As I view it, the petition adequately alleges defendant’s breach of at least three duties he owed plaintiff.
The first duty relied upon by plaintiff is statutory. The Alcoholic Beverage Control Law prohibits a retailer from selling or serving alcoholic beverages to an intoxicated person. LSA-R.S. 26:88(2). Sucha prohibition is consistent with the demands of ordinary prudence.
•In this Court, as in the Court of Appeal, the plaintiff strongly maintains contributory negligence is no defense to a violation of LSA-R.S. 26:88(2), because the statute is designed to protect intoxicated persons from their inability to exercise self-protective care. He relies upon Section 483, Restatement of Torts, and decisions from *1001 Florida, New Jersey, and Pennsylvania, holding contributory negligence no defense to infractions of similar statutes. Davis v. Shiappacossee, Fla., 155 So.2d 365; Soronen v. Olde Milford Inn, 84 N.J.Super. 372, 202 A.2d 208; Schelin v. Goldberg, 188 Pa. Super. 341, 146 A.2d 648; Majors v. Brodhead Hotel, 416 Pa. 265, 205 A.2d 873.
Nothing in the statute or its history evinces a legislative intent to abolish the defense of contributory negligence. Hence, I agree that contributory negligence is available as a defense to a violation of the statute. See Ramsey v. Anctil, 106 N.H. 375, 211 A.2d 900 and Prosser, Torts, § 64, p. 435 (3d ed. 1964).
The statute, however, does fix a standard of care. It was designed, at least in part, to protect intoxicated patrons, as a class, from helplessness and incompetence. The statute embodies a legislative judgment that an intoxicated patron is a menace to himself. Plaintiff’s injury was the type of harm the statutory restriction was intended to prevent. Hence, the alleged statutory violation constitutes fault, or negligence per se, under Articles 2315 and 2316 of the Louisiana Civil Code. Home Gas & Fuel Co. v. Mississippi Tank Co., 246 La. 625, 166 So.2d 252; Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298; Brown v. S. A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891; Lee v. Carwile, La.App., 168 So.2d 469; Moses v. Mosley, La.App., 146 So.2d 263; Soronen v. Olde Milford Inn, 84 N.J.Super. 372, 202 A.2d 208; Schelin v. Goldberg, 188 Pa.Super. 341, 146 A.2d 648; Stone, Tort Doctrine in Louisiana: The Concept of Fault, 27 Tulane L.Rev. 1, 3-4; James, Statutory Standards and Negligence in Accident Cases, 11 Louisiana Law Review 95.
The Court of Appeal stated the rule applicable here with extraordinary precision in Moses v. Mosley, supra:
“[WJhere a statute is enacted to protect the class of persons in which the plaintiff is included against the type of loss or injury which in fact has been sustained, an unexcused violation of such a statute is ‘negligence per se’ * * *.”
In countering the liability from defendant’s breach of the foregoing statutory duty, the majority holds “controlling” the common law rule that an injured inebriate has no redress against the vendor of intoxicating liquor for illegal or negligent sales to him for the reason that “the proximate cause of the injury is the act of the purchaser in drinking the liquor and not the act of the vendor in selling it.”
I do not agree that we are bound by the common law rule. But if we must summon a common law rule to our assistance, we should first determine whether the rule is sound and whether the common law offers a choice of rules.
The theory that the sale of liquor is not a proximate cause of plaintiff’s injury is unsound.
*1003 Factual causation is quite clear. Defendant’s conduct is a cause-in-fact of plaintiff’s harm when it is a substantial factor in producing that harm. Home Gas & Fuel Co. v. Mississippi Tank Co., supra; Perkins v. Texas and New Orleans Railroad Company, 243 La. 829, 147 So.2d 646. Here, the defendant illegally sold the liquor that induced plaintiff’s intoxication disabling him from evading the automobile. But for the unlawful sale of liquor after 9 :00 p. m., so the petition alleges, the plaintiff would have regained his faculties by the time of eviction, and the accident would have been avoided. Defendant’s negligent conduct was a necessary antecedent to plaintiff’s injury. Hence, the sale of liquor was a substantial factor in producing the harm, or its factual cause.
' Referring specifically to proximate causation, Article 12 of the petition alleges defendant’s “acts of negligence were a proximate cause of the herein described accident and injuries to plaintiff.” When one goes behind the allegation, a proper analysis shows plaintiff’s consumption of liquor did not supersede defendant’s negligence as a cause of plaintiff’s harm, or reduce that negligence to a non-proximate cause.
Pertinent here is the accepted rule that a foreseeable intervening act is not a superseding cause and does not relieve the original wrongdoer from liability. Jackson v. Jones, 224 La. 403, 69 So.2d 729; 38 Am. Jur. Negligence § 70, p. 726. The petition adequately alleges defendant’s employees actually coaxed the plaintiff and induced him to drink after plaintiff became visibly intoxicated. This means, of course, that the consumption of the liquor was necessarily foreseeable.
Additionally, the violation of a statute is not rendered remote as a cause of an injury by the intervention of an act which is a normal incident of the risk against which the statute was designed to protect. The essence of “proximate cause” in statutory violations is whether the risk and harm encountered fall within the scope of protection of the statute. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298; 38 Am.Jur. Negligence § 167, p. 841; Annotation, 100 A.L.R. 2d 942, 965-966; Green, Rationale of Proximate Cause, 142-144 (1927); McDonald, Proximate Cause in Louisiana, 16 Louisiana Law Review 391.
In Dixie Drive It Yourself Sys. v. American Beverage Co., supra, this Court laid bare the essential inquiry:
“ ‘The presence of causes intervening subsequent to defendant’s act which brings about injury presents no special problem. In such cases, the inquiry of the court is simply whether the risk produced by the combination of defendant’s act and the intervening cause is one which is within the scope of pro *1005 tection of the rule of law upon which . plaintiff relies.’ ”
As I have observed, the present statute was intended to prevent harm to intoxicated persons, resulting from their helplessness and incompetence. The Legislature prohibits the sale of liquor to them, because in the legislative judgment, an intoxicated person’s heedless consumption of liquor is expectable. Excessive liquor consumption is an incident of the risk against which the Legislature sought to guard. Such post-intoxication consumption falls within the scope of protection of the statute. Thus, the essential relationship between defendant’s negligence and plaintiff’s harm, usually called “proximate cause,” is fully satisfied. The intervening consumption cannot relieve defendant from liability.
Having concluded the common law rule of no-proximate-causation is unsound, I now note the common law itself offers a choice of rules. Most, if not all, the recent decisions have abandoned the earlier rule. See, e. g., Schelin v. Goldberg, 188 Pa.Super. 341, 146 A.2d 648; Soronen v. Olde Milford Inn, 84 N.J.Super. 372, 202 A.2d 208; Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821; Ramsey v. Anctil, 106 N.H. 375, 211 A.2d 900; Majors v. Brodhead Hotel, 416 Pa. 265, 205 A.2d 873; Smith v. Clark, 411 Pa. 142, 190 A.2d 441; Jardine v. Upper Darby Lodge No. 1973, 413 Pa. 626, 198 A.2d 550; Waynick v. Chicago’s Last Department Store (U.S. 7 Cir.) 269 F.2d 322, cert. denied 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554. See also 20 Louisiana Law Review 800 and 49 Minnesota Law Review 1154.
In Soronen v. Olde Milford Inn, supra, the New Jersey Court said:
“The duty to the visibly intoxicated persons is both common law and statutory. Intoxication is a' state of impairment of one’s mental and physical faculties due to overindulgence in alcoholic drink. A person in that condition is unable to exercise normal powers of judgment and prudence. He is a potential menace, not only to himself but to others. Common sense requires that a tavern keeper refuse to serve alcoholic drink to such a person. This common law principle is carried into our Alcoholic Beverage Control Act which, through implementing regulations, specifically prohibits a licensee from serving alcoholic drink to a person actually and apparently intoxicated. We conclude that plaintiff’s complaint sets forth a justiciable cause of action.”
A second duty, invoked by plaintiff but apparently overlooked in the majority opinion, arises from the invitor-invitee relationship. Defendant caters to the public in his night club operations. The standard of conduct to which he must conform to discharge his duty to his customers is that of a reasonable man under like circumstances. *1007 LSA-C.C. Arts. 2315, 2316; Peters v. Great Atlantic & Pacific Tea Co., La.App, 72 So.2d 562. His patrons are drinking and drunken persons. Unstable and erratic conduct on their part is expectable. Intoxication is a circumstance that demands increased care to avoid injury to the inebriate and satisfy the above standard. Kimbrell v. American Indemnity Co, La.App, 56 So.2d 880; 38 Am.Jur. Negligence § 39, p. 684. Malone, Contributory Negligence and the Landowner Cases, 29 Minnesota Law Review .61, 72.
The duty requires, at the very least, that defendant refrain from conduct increasing the peril to, or worsening the situation of, his intoxicated patron. So if the invitor ejects his intoxicated patron into an environment made hazardous by known dangers, such as arctic cold, highway traffic, or railroad tracks, and foreseeable injury results, the invitor is guilty of actionable negligence. Weymire v. Wolfe, 52 Iowa 533, 3 N.W. 541; Houston v. Strickland, 184 Va. 994, 37 S.E.2d 64, 165 A.L.R. 537; Fagg’s Adm’r v. Louisville & N. R. Co, 111 Ky. 30, 63 S.W. 580; Fagan v. Atlantic Coast Line R. Co, 220 N.Y. 301, 115 N.E. 704, L.R.A.1917E 663; Johnson v. Louisville & N. R. Co., 104 Ala. 241, 16 So. 75; Bragg v. Norfolk & W. Ry. Co, 110 Va. 867, 67 S.E. 593; Prosser, Torts, § 54, p. 339 (3rd ed, 1964). Cf. Depue v. Flateau, 100 Minn. 299, 111 N.W. 1; Black v. New York, N. H. & H. R. Co, 193 Mass. 448, 79 N.E. 797.
In his treatise, supra, Dean William L. Prosser summarizes the law of these and other decisions:
“[Tjhere is at least a duty to avoid any affirmative acts which make his situation worse. When we cross the line into the field of ‘misfeasance,’ liability is far easier to find. * * * There may be no duty to take care of a man who is ill or intoxicated, and unable to look out for himself; but it is another thing entirely to eject him into the danger of a railroad yard; and if he is injured there will be liability.”
In the present case, defendant’s employees knew of plaintiff’s helpless state of intoxication. Despite this, they evicted him from the club into the area beside the exit highway, where they should have anticipated he would wander into the highway[2] and where serious injury was “foreseeable and almost inevitable.” The defendant became a peril-maker. Without attempting to enumerate the safer alternatives available to the defendant, I do believe that placing the plaintiff in the hands of the police would have been an act of prudence and humanity.
*1009 Defendant maintains the business-invitor has no duty to protect a customer after he has left the premises. This is a correct statement of a general principle. But it has no application here. Defendant breached his duty by conduct on the premises before plaintiff’s removal.
The breach of a third duty is amply supported by the petition. Defendant had a duty to avert the harmful consequences of his illegal sale of intoxicating liquor to the plaintiff. Well recognized in tort law is the principle that when a person acts and subsequently realizes or should realize the act has created an unreasonable risk of physical harm to another, he has a duty to use reasonable care to avoid the harm. Restatement, Second, Torts, § 321; Northern Central Railway Co. v. State, 29 Md. 420, 96 Am.Dec. 545; Trombley v. Kolts, 29 Cal.App.2d 699, 85 P.2d 541; Whitesides v. Southern Ry. Co., 128 N.C. 229, 38 S.E. 878; Ward v. Morehead City Sea Food Co., 171 N.C. 33, 87 S.E. 958; Zickefoose v. Thompson, 237 Mo.App. 690, 157 S.W.2d 259; Montgomery v. National Convoy & Trucking Co., 186 S.C. 167, 195 S.E. 247; Simonsen v. Thorin, 120 Neb. 684, 234 N. W. 628, 81 A.L.R. 1000. Compare Standard Oil Co. v. Crowl, (U.S. 8 Cir.) 198 F.2d 580.
The failure of the majority to consider two of the three duties involved in this case has resulted in the resolution of only a fragment-issue. So based, the adjudication is not truly definitive of the rights of the parties.

Does plaintiffs petition disclose contributory negligence barring his recovery?

The Court of Appeal decided only the question raised in the exception: Does the petition disclose contributory negligence barring plaintiff’s recovery ?
We restated the rule applicable to this question in Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913:
“In Louisiana, as elsewhere, contributory negligence is a defense which bars recovery in cases arising ex delicto but it must be specially pleaded by the defendant in his answer in order to be considered and need not be negatived in the petition. Guillory v. Horecky, 185 La. 21, 168 So. 481; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717 and cases there cited. Nevertheless, there is a well-recognized exception to this rule which pertains only in cases where the affirmative allegations of the petition conclusively show-that the plaintiff, as well as the defendant, was at fault and that plaintiff’s negligence was a contributing cause of the accident, which would not have occurred but for such negligence. In these matters, the issue of contributory negligence may be *1011 raised by way of peremptory plea or exception of no cause of action addressed to plaintiff’s petition. See Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238 and cases there cited. However, in order for a siiit to be dismissed on an exception, it must appear not only that the negligence of plaintiff has been affirmatively alleged but also that the recitals of the petition are such as to exchide every reasonable hypothesis other than that such negligence was the proximate cause of the accident. * * * ” (Ital-. ics mine.)
Plaintiff’s failure to “take account of traffic” as he wandered into the exit-highway would be contributory negligence barring his recovery in the absence of other overriding legal doctrines. On the special facts of this case, however, such overriding doctrines rush to plaintiff’s aid.
A review of the decisions involving intoxicated plaintiffs in analogous fact situations discloses that the courts uniformly reject the defense of contributory negligence on various grounds. Kimbrell v. American Indemnity Co., La.App., 56 So.2d 880; Weymire v. Wolfe, 52 Iowa 533, 3 N.W. 541; Houston v. Strickland, 184 Va. 994, 37 S.E.2d 64, 165 A.L.R. 537; Fagan v. Atlantic Coast Line R. Co., 220 N.Y. 301, 115 N.E. 704, L.R.A.1917E 663; Yazoo & M. V. Ry. Co. v. Byrd, 89 Miss. 308, 42 So. 286; Johnson v. Louisville & N. R. Co., 104 Ala. 241, 16 So. 75; Bragg v. Norfolk & W. Ry. Co., 110 Va. 867, 67 S.E. 593; Black v. New York, N. H. & H. R. Co., 193 Mass. 448, 79 N.E. 797; Galvin v. Jennings (U.S. 3rd Cir.) 289 F.2d 15; Gaylord Container Corporation v. Miley (U.S. 5th Cir.) 230 F.2d 177; McClean v. University Club, 327 Mass. 68, 97 N.E.2d 174; Soronen v. Olde Milford Inn, 84 N.J.Super. 372, 202 A.2d 208; Cincinnati, N. O. & T. P. Ry. Co. v. Marrs’ Adm’x., 119 Ky. 954, 85 S.W. 188; McDonough v. Buckeye S. S. Co., (D.C.N.D.Ohio) 103 F.Supp. 473.
In the present case, plaintiff has pleaded Last Clear Chance, suggesting that by discontinuing the sales of liquor after 9:00 p.. m., the defendant had a reasonable chance-to avoid harm to plaintiff. However, this-doctrine need not be specially pleaded. Lemaire v. Pellerin, La.App., 102 So.2d 493. Because of the plea of contributory negligence, we are required to determine whether the doctrine of Last Clear Chance applies-at any point. See LSA-C.C.P. Article-2164. The doctrine of Last Clear Chance is-well-established in Louisiana and represents an exception to the general rule that plaintiff’s contributory negligence bars hisrécovery. Jackson v. Cook, 189 La. 860, 181 So. 195; Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209.
The circumstances surrounding plaintiff’s-, eviction highlight defendant’s last' clear-chance. For at the time defendant evicted plaintiff into the zone of peril and during *1013 the interval plaintiff remained on the premises thereafter, defendant could reasonably have avoided the harm but failed to do so.
It is true that a voluntarily intoxicated •person is held to the same standard of conduct as a sober person for determining negligence. Huckaby v. Bellow, La.App., 175 So.2d 914; Manuel v. United States Fire Insurance Company, La.App., 140 So.2d 702; 38 Am.Jur. Negligence § 203, p. 883; 23 Louisiana Law Review 305.
If a person, however, is in an advanced state of intoxication such as to render him lielpless, or incapable of self-protective care, the law accords him the benefit of the doctrine of Last Clear Chance. See Jackson v. Cook, 189 La. 860, 181 So. 195; Blackburn v. Louisiana Ry. & Nav. Co., 144 La. 520, 80 So. 708; McGuire v. Vicksburg S. & P. R. Co., 46 La.Ann. 1543, 16 So. 457; Grennon v. New Orleans Public Service, Inc., 10 La.App. 641, 120 So. 801; and Small v. Boston & M. R. R., 85 N.H. 330, 159 A. 298. An impressive collation of 'the decisions from all jurisdictions supporting this rule is found in 26 A.L.R.2d 308. 'The rule does not require the inebriate to 'be supine and immobile. His disability to •guard himself from danger is the vital consideration. See Jackson v. Cook and McGuire v. Vicksburg S. & P. R. Co., supra.
The petition describes plaintiff thus: '“.could barely walk, falling down a number of. times,” “helpless mentally and almost physically,” “[unable] to look after himself,” “could not take account of traffic,” and “helpless.” These allegations, in my opinion, place the plaintiff within the announced rule of Last Clear Chance.
The petition tells the story of a helpless, intoxicated plaintiff exposed to peril. The defendant knows of the plaintiff’s situation. He likewise realizes or should realize plaintiff is unlikely to avoid harm because of his extreme intoxication. Nonetheless, the defendant fails to use an opportunity to avoid harm to the plaintiff. Hence, the doctrine of Last Clear Chance applies. Jackson v. Cook, 189 La. 860, 181 So. 195; Weymire v. Wolfe, 52 Iowa 533, 3 N.W. 541; Gaylord Container Corporation v. Miley, 230 F.2d 177 (U.S. 5th Cir.); Galvin v. Jennings, 289 F.2d 15 (U.S. 3rd Cir.); 2 Harper & James, Torts, § 22.13, pp. 1245-1246 (1956).
In Weymire v. Wolfe, supra, a defendant saloon keeper expelled the intoxicated and helpless patron from a saloon at a late hour on an extremely cold night. The patron died of cold and exposure. The Iowa Court reversed a verdict in favor of defendant based on erroneous instructions, stating:
“The petition states, and the evidence tended to show, that Dunn was expelled from the saloon at a late hour of the night, drunk and unconscious, and died by reason of exposure and cold. *1015 If it should be conceded that Dunn contributed to his death by drinking until he became drunk and unconcious, it would not follow that the plaintiff would not be entitled to recover. If a person lies down upon a railroad track in a state of helpless intoxication, the company will not be justified in running a train over him, if it can be avoided in the exercise of reasonable care, after the person is discovered in his exposed condition.”
Defendant argues the present suit is not against a vehicle operator who fails to avoid striking a helpless pedestrian in his path, the typical case of Last Clear Chance. Rather, it is one against a night club owner, whose employees were not at the scene of the highway accident at the precise moment of injury. Moreover, defendant emphasizes that the last conduct preceding the impact of the vehicle was plaintiffs. Hence, he reasons the doctrine of Last Clear Chance does not apply.
These contentions are without merit.
The doctrine of Last Clear Chance is not restricted to the man behind a steering wheel. It also applies to the man behind a broken duty, whose affirmative conduct puts a helpless plaintiff in the path of the automobile. The doctrine applies to negligent defendants who fail to use a fair opportunity to avoid harming contributorily negligent plaintiffs. The opportunity need not wait until the automobile is upon the plaintiff.
Plaintiff’s final movements do not defeat Last Clear Chance. Under this humanitarian doctrine, the law looks to plaintiff’s incapacity rather than to his antecedent conduct. As the Court stated in Small v. Boston & M. R. R., 85 N.H. 330, 159 A. 298. “While a sober person cannot have the benefit of the last chance rule which an intoxicated person may by reason of his incapacity, there is no favor to the latter. It is the situation of incapacity, however it arises, that invokes the duty of saving action by the defendant.”
Another legal doctrine, perhaps reinforcing Last Clear Chance but certainly serving as an independent basis for rejecting the defense of contributory negligence, is the comparative duty analysis. I deal here with the non-statutory duties. The invitor’s first duty was to refrain from conduct worsening the situation of the intoxicated plaintiff. His second duty was to use reasonable care to avert harm to the intoxicated plaintiff. These duties arose from the antecedent relationships of the parties. They presuppose plaintiff’s intoxication and helplessness. If plaintiff had been sober, defendant would have had no such duties. That plaintiff did act irresponsibly, then, does not bar his recovery. The rule plaintiff violated does not relieve defendant of his obligation. The law does not build a duty and then tear it down merely *1017 because it must be used for its intended purpose. Kimbrell v. American Indemnity Co., La.App., 56 So.2d 880; Soronen v. Olde Milford Inn, 84 N.J.Super. 372, 202 A.2d 808; Houston v. Strickland, 184 Va. 994, 37 S.E.2d 64, 165 A.L.R. 537; Green, Contributory Negligence and Proximate Cause, 6 North Carolina Law Review 3.
Using a duty analysis in Kimbrell v. American Indemnity Co., supra, the Court of Appeal rejected the contributory negligence defense and allowed recovery to an intoxicated prisoner, who was injured when a police officer negligently slammed the cell door on his finger. The court reasoned :
“Interrelated with the question of negligence in this case is the plea of contributory negligence strenuously urged on behalf of defendant. It must be conceded, as contended by learned counsel, that voluntary intoxication does not relieve one from the effects of his own negligence. 65 C.J.S., Negligence, § 143, page 784; 38 Amer.Juris. 883. However, the facts of the instant case do not bring the proposition within the general rule. This is an instance in which the intoxicated condition of the plaintiff, as we have above observed, required unusual care on the part of the city’s agents and employees. Certainly the officer was justified in using whatever force was necessary in confining his prisoner, but there was no justification for his lack of care which resulted in injury. Nor is there ground for refusing relief to plaintiff since the facts clearly indicate that in his condition he was not able to take care of himself.”
In Soronen v. Olde Milford Inn, supra, the Court denied the defense of contributory negligence in an action based upon an intoxicated patron’s fatal fall, saying:
“It is obvious that in the ordinary sense it is one’s own fault if one gets drunk, but the postulation of the tavern owner’s duty in such a situation assumes implicitly that there has been such fault on the part of the drinker and nevertheless imposes the protective duty. * * * [W]e conclude * * * the very nature of plaintiff’s common law cause of action and of defendants’ duty is such as to preclude the defense of contributory negligence.”
In an incisive analysis of contributory negligence, 6 North Carolina Law Review 3, 18, Dean Leon Green observes:
“The courts are called upon to define the scope of the respective rules involved. They cannot be offset one against the other. This is a matter of defining the scope of legal rules based upon what, for the the lack of ability to enumerate all the factors to be taken into consideration, we call sound policy. If the rule which a plaintiff has violated does not give a defendant relief from an obligation ow *1019 ing plaintiff imposed by some other rule of law, then such contributory negligence, however clear a causal relation can be traced between it and plaintiff’s hurt, affords defendant no ground of defense. The respective rights and duties of the parties are turned on much more important factors than mere causal relations.”
Plaintiff’s conduct does not bar his recovery as a matter of law. Hence, the exception of no cause of action should be overruled and the case should be remanded for further proceedings according to law.
For the reasons assigned, I respectfully dissent.

. See Atchison, T. & S. F. R. Co. v. Parry, 67 Kan. 515, 73 P. 105; Prosser, Torts, § 33, p. 173 at n. 2 (3rd ed., 1964).