**Irene C. GUSS, Individually and on behalf of her minor child, Irene Bridget Guss, Appellant,**

v.

**JACK TAR MANAGEMENT COMPANY, et al., Appellees.**

No. 26299.

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1969.

---

Richard J. Dodson, Benton & Moseley, Baton Rouge, La., for appellant.

William H. Cooper, Jr., Charles W. Franklin, Franklin & Keogh, Baton Rouge, La., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded that this case is of such character as not to justify oral argument. Accordingly, the Clerk has been directed to place the case on the summary calendar provided for such matters, and to notify the parties in writing.[1]

In this Louisiana diversity action an appeal was taken from a summary judgment in favor of defendant company and its insurer. The District Court found that there was no genuine issue of material fact. We agree.

Appellant's husband died as a result of a fire started from a burning mattress in a room of defendant's hotel, occupied by decedent as a guest. Two empty wine bottles were found near decedent's body. The allegations of appellant show that decedent was a dipsomaniac, that the management of the hotel knew of his drinking tendencies, having on a prior occasion caused him to be arrested from a sister hotel located across the street from the hotel where the fire occurred because of intoxication and his failure to pay the hotel bill, at which time cigarette burns in the room were noticed. As a result of this occurrence, the management instructed its employees that decedent was not to be admitted again as a hotel guest. On the day in question decedent nevertheless again registered at appellee's hotel.[2]

It is not contested by appellant that decedent caused the fire while in an intoxicated stupor. To the contrary, decedent's drinking and smoking propensities and appellee's knowledge thereof are relied upon by appellant in an attempt to show that ordinary care required greater precautions on the part of appellee.

It is well settled in Louisiana that the duty of an innkeeper towards his guests is one of ordinary or reasonable care. DeLatour v. Roosevelt Hotel, La.App., Orleans, 1941, 1 So.2d 353, 355; Simmons v. American Universal Insurance Company, La.App., 4 Cir., 1960, 124 So.2d 193, 195. It is equally well established that a person who has become voluntarily intoxicated must use the same degree of care for his own safety as that of a sober person. Huckaby v. Bellow, La.App., 3 Cir., 1965, 175 So.2d 914, 916; Simmons v. American Universal Insurance Company, *supra.*

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 1158 F.2d 406.

2. An additional contention was made in the complaint, but apparently abandoned on appeal, that no attempt was made to rescue decedent.

We have carefully examined the pleadings and affidavits in the record and the briefs submitted on appeal and are unable to find that appellee breached any duty owing to deceased as a guest on its premises. Under the circumstances, summary judgment was proper. Fed.R.Civ.P. 56.

Affirmed.