Carroll,
Dec. 1, 1931.

ALICE H. CABLE *v.* DONAHUE & HAMLIN, INC.

FREDERICK W. CABLE *v.* SAME.

*Alfred W. Levansaler* and *Demond, Woodworth, Sulloway & Rogers* (*Mr. Franklin Hollis* orally), for the plaintiffs.

*Arthur A. Greene, Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for the defendant.

PEASLEE, C. J. These are actions to recover damages for injuries to the plaintiff in the first suit, caused by her falling over an embankment upon the defendant's premises at the old Willey house site in Crawford Notch. The defendant conducts there a group of over night camps. There are two larger buildings used for a store, a restaurant and rest rooms, located near the state highway, and on its westerly side. Northerly of them is the old cellar, with a marked boulder. This is surrounded by a plot of ground of about an acre in extent, which has an unrailed bank wall along the highway. A graveled automobile driveway runs around two sides of this plot, starting from the highway at the northerly end. The cabins face the plot and driveway in an irregular line. It was a disputed question whether the plot was designed to be freely used by the guests, or whether it had been newly seeded, and railed off at the side next the restaurant

to prevent promiscuous walking over it, or whether it was in the process of improvement. The extent of illumination afforded at the time of the accident by the lights on or about the buildings was also a matter in dispute.

The plaintiffs arrived at the premises at about nightfall, and were assigned a cabin in the rear of the larger buildings. After it had become dark they started to go from their cabin to the store, walked northerly along the driveway and spoke with some friends, and then started across the plot to the store. The old cellar is not far from the bank wall. The plaintiffs passed to the northerly side of it, and fell over the embankment.

The defendant asked for instructions upon the issue whether the plaintiffs were invitees at the time and place of the accident. It excepted to the refusal to give these and "to that part of the charge where the court said that the plaintiff was an invitee at the time of the accident."

The evidence plainly raised the issue of the plaintiffs' status. The law here is that invitation extends to such parts of premises as the landowner ought in reason to understand that his invitees would understand were for their use. *Pickford* v. *Abramson*, 84 N. H. 446, 448, and cases cited. If the plaintiffs' view of what was proved as to the situation and condition of the premises were adopted, invitation could be found; while the inferences which the defendant properly urged might lead to the opposite conclusion.

The issue thus presented should have been submitted to the jury, and the question to be decided is whether it was submitted.

The charge contains no direct statement that the jury were to decide the question. The only reference to it is found early in the instructions where this language was used: "So long as a person is invited to enter a public place, the proprietors owe to such invitee the duty of using due care in keeping the premises provided for the use of such invitee or such portion of the premises as said invitee may be expected to use in a reasonably safe condition. This applies to the furnishing of lights, guards and warning of danger outside the premises of which the defendant knew, or by the exercise of due care should know about, as well as the bed in which the invitee may sleep."

This was followed by extended instruction as to the duty to keep premises in order "for the safety of his invitees," and by the following: "If . . . you conclude that the defendant did exercise the care of the person of average prudence in maintaining its premises, your verdict must be for the defendant . . . If you find the premises were

. . . maintained in a reasonably safe condition, you, Mr. Foreman, will sign the defendant's verdict . . . If, on the contrary, you find that the plaintiff was injured by reason of the failure of the defendant to exercise the care of the person of average prudence, then she is entitled to your verdict," unless contributorily negligent.

Following this was an instruction as to the plaintiff's duty to use care, in anticipating camp dangers, but with no suggestion of limitation of the invitation. It was then said: "Likewise the defendant was bound to know that persons visiting their place for entertainment and rest are attracted by the scenery and are not likely to confine themselves to the same paths in observing it and should, by such means as the person of average prudence would adopt, place warnings and erect safeguards to prevent injury to them."

The instructions were summed up in this language: "You should first consider . . . whether or not the premises of the defendant . . . were in a reasonably safe condition for the use of persons who came thereon by their invitation, express or implied, for the transaction of business, or, if the premises were in any respect dangerous, did the defendant erect and maintain sufficient safeguards, such as lights and warnings, to enable invitees, by the exercise of ordinary care, to avoid injury. If the defendant fulfilled its duty in both these respects, that would be the end of the case. On the other hand, if the defendant failed in either respect, you will then consider whether the plaintiff used reasonable care for her own safety and, if you find she did, she is entitled to your verdict . . . ."

If it might be concluded that the phrase "or such portion of the premises as said invitee may be expected to use" was a statement of the legal limitations of invitation, and adequate to inform a jury of how they were to deal with the subject, it is manifest that what was said later in the charge, if not directly negativing any idea that there was such an issue in the case, at the least failed to make any mention of it. In the several places where the defendant's duties are enumerated this feature of the case is ignored; and the summary might well be thought to exclude it from consideration, by necessary implication.

It must be concluded that the issue, whether the defendant's invitation extended to the use the plaintiffs made of the premises, at the time of the accident, was not clearly and definitely submitted to the jury. The attention of the court was called to the defendant's claim that the charge took this issue from the jury. "The question here is whether there is probability that the language may have conveyed to the jurors an erroneous conception of the law. As it appears that it

may have done so, and as the matter was so presented to the court that the chance of an erroneous understanding might have been obviated by a brief explanatory statement, the exception must be sustained." *West* v. *Railroad*, 81 N. H. 522, 533.

The motions for nonsuits and directed verdicts do not require extended consideration. From what has already been said of the facts in the case, it appears that it could have been found that the defendant maintained a dangerous situation at a place where its invited guests were likely to go. And it cannot be said to be conclusively shown that the plaintiffs were in fault in not discovering the danger. They might well conclude that no such dimly lighted pitfall would be maintained where an improved plot of ground adjoined the public highway. Their failure to discover it may not have been negligent. *Byron* v. *Railroad*, 82 N. H. 434, 437, 438, and cases cited; *Wilson* v. *Railway*, 84 N. H. 285. The case was for the jury.

The argument of plaintiffs' counsel, to which exception was taken, may not be made at another trial. It has, however, been examined and found to have been supported by sufficient evidence.

*New trial.*

All concurred.