WILMINGTON COUNTRY CLUB, a corporation of the State of Delaware, Appellant, v. THE DELAWARE LIQUOR COMMISSION, Appellee.

(*September* 8, 1952.)

TERRY, J., sitting.

*Henry M. Canby, James T. McKinstry* and *Rodney M. Layton* (of the firm of Richards, Layton and Finger) for the Appellant.

*Daniel J. Layton, Sr.,* for the Appellee.

Superior Court for New Castle County, Civil Action, 1952.

TERRY, J.:

██ Our Liquor Control Act, *Rev. Code* 1935, § 6130 *et seq.* evidences a dual purpose: (1) that alcoholic liquor shall be made available to the inhabitants of this State, and (2) that the business of distributing the same, often looked upon as a source of evil, shall at all times be rigidly controlled in the interest of the general welfare.

██ The Act provides the manner in which alcoholic liquor shall be dispensed and clearly indicates the channels in which it shall flow to the ultimate consumer. Under the provisions of Subsection 6 of Section 17 of the Act the Legislature has in unequivocal language designated that hotels, restaurants, clubs and stores, as well as others therein included, shall be eligible to apply to the Commission for a license to dispense alcoholic liquor for off-premises consumption and, if the license be granted by the Commission, may purchase from the Commission or through the Commission alcoholic liquor to be sold for consumption off-the-premises where sold. However, if reasonable grounds exist under the specific provisions of Sections 22 and 24 of the Act, *supra,* the Commission may refuse to grant a license to any applicant. Thus, it seems clear that the Legislature intended that a club which is defined under Subsection 17 of Section 3 of the Act as meaning "a corporation or association created by competent authority, which is the owner, lessee or occupant of premises operated solely for objects of national, social, patriotic, political, or athletic nature, or the like, whether or not for pecuniary gain, and the property as well as the advantages of which belong to or are enjoyed by the stockholders or by the 'members' of such corporation or association" may by direct statutory authority apply to the Commission for a license to sell alcoholic liquor not to be consumed on the premises where sold in accordance with the provisions of Subsection 6

of Section 17 of the Act, and that it is the duty of the Commission to grant said license, Subsection 6 of Section 5 of the Act, subject only to the provisions of Sections 22 and 24 of the Act, aforesaid.

Section 5 of the Act provides for the establishment of a Commission with the following functions and duties:

"(1)   To adopt and promulgate rules and regulations not inconsistent with the provisions of this Act or of the laws of the State of Delaware. All such rules and regulations shall have the force and effect of law;

"(2)   To establish by such rules and regulations an effective control of the business of manufacture, sale, dispensation, distribution and importation of 'alcoholic liquors' within and into the State of Delaware, including the time, place and manner in which 'alcoholic liquors' shall be sold and dispensed, not inconsistent with the provisions of this Act".

Section 8 of the Act entitled "Regulations" states the purposes for which the Commission may make regulations, i. e., for "its internal economy and the conduct of its business," and the manner in which the Commission may amend or repeal its regulations, i. e., by another regulation of the Commission, duly published.

Two questions are presented for determination:

(1)   Has the Commission the rule making power to eliminate clubs as a class from being eligible to apply for off-premises license?

(2)   Has the Commission the authority under Section 22 of the Act to refuse to issue to a club an off-premises license because the same is not necessary for public convenience?

The first question relates solely to the rule making power of the Commission. The Legislature by the language employed under Section 5 of the Act, *supra*, defining the functions

and duties of the Commission, definitely recognized the principle of administrative law universally followed; that is, that a public administrative agency such as the Commission may not adopt and promulgate rules and regulations which are inconsistent with the provisions of a statute, particularly with a statute which it is administering or which created the agency. The authority conferred under this Section pertains to the adoption of rules and regulations found to be necessary in order to carry out the true legislative intent as indicated under the Act. Legislation, however, may not be enacted under the guise of its exercise by adopting a rule or regulation which is out of harmony with, or which alters, extends or limits the Act, or which is inconsistent with the clear legislative intent as therein expressed. Thus, as in the present case, where a right is granted to a class by a statute, the agency administering such statute may not by the adoption and promulgation of a rule or regulation add to the condition of that right a condition not stated in the statute, nor may it exclude from that right a class of persons included within the terms of the statute.

The provisions of Subsection 6 of Section 17 of the Act pointing out that clubs are one of the various classes of establishments entitled to apply for and receive licenses for the sale of alcoholic liquor for off-premises consumption constitutes clearly a legislative declaration that it is in the interest of the public welfare of the inhabitants of this State for clubs to have such licenses just as it is for hotels, restaurants and stores as therein indicated, subject always to the safeguards included within the reasons, for refusing to license an applicant as set forth under the provisions of Sections 22 and 24 of the Act.

It is apparent that the Commission in the present case, by reason of its decision not to license any club in this State for off-premises sales of alcoholic liquor, has deleted Subsection 6 of Section 17 to the extent that it has repealed, so to speak, the clear statutory right therein granted to clubs as a class in this State to apply for and receive such licenses.

▊▊ The Commission under the Act in the true sense has no power to initiate policy. Its duty is to fundamentally pursue the policy predetermined by the Legislature from which is derived its authority. It has by reason of its decision entered into and transgressed upon legislative domain. It has exceeded its administrative and rule making authority under the Act. It cannot under the guise of its administrative or rule making authority eliminate clubs as an eligible class of licensees for off-premises licenses for any reason whatsoever. The clear legislative intent, as expressed under Subsection 6 of Section 17, that clubs shall be eligible licensees for off-premises consumption cannot be contravened in such a fashion. 42 *Am. Jur.* Page 338; 73 *C. J. S., Public Administrative Bodies and Procedure,* § 94, P. 414; *State v. Retowski,* 6 *W. W. Harr.* 330, 175 *A.* 325; *Robertson v. Schein,* 305 *Ky.* 528, 204 *S. W.* 2d 954; *State Board of Medical Examiners (In re Nathan),* 201 *Okl.* 365, 206 P. 2d 211; *Whitcomb Hotel, Inc. v. Cal. Emp. Comm.,* 24 *Cal.* 2d 753, 151 *P.* 2d 233, 155 *A. L. R.* 405; *Bureau of Old Age Assistance of Natick v. Comm. of Public Welfare,* 326 *Mass.* 121, 93 *N. E.* 2d 267; *Clintonville Trans. Line, Inc. v. Public Service Comm.,* 258 *Wis.* 570, 46 *N. W.* 2d 741; *Gentzel v. Board of Emb. & Funeral Directors of State,* 9 *N. J. Super.* 605, 76 *A.* 2d 44; *State v. Miles,* 5 *Wash.* 2d 322, 105 *P.* 2d 51; *People ex rel. Polen v. Hoehler,* 405 *Ill.* 322, 90 *N. E.* 2d 729.

The Commission's decision that "no licenses to clubs in this State for the sale of alcoholic liquor not for consumption on the premises where sold will be granted" cannot be sustained. Likewise, and for the same reasons, the rule as adopted and promulgated by the Commission, effective as of July 1, 1952, five days after the Commission's refusal to grant the Club's application for an off-premises license is invalid and cannot be enforced.

The second question concerns whether or not the Commission can justify its refusal to issue to the Club an off-premises license for the reason that it has reasonable ground to believe

that the granting of the Club's application is not demanded for public convenience.

Section 22 of the Act embraces nine specific and independent subsections, each providing a reason under which the Commission may refuse to license an applicant. The alleged reason for refusal to license in the present case is predicated upon the provisions of Subsection 1; that is, the finding "that there are sufficient licensed premises in the locality, or that the granting of the license in the locality set out in the application is not demanded by public necessity or convenience."

The Commission argues that in view of the number of off-premises licenses in the City of Wilmington and New Castle County that appear on the maps now in evidence it had as of the date of refusal in the present case reasonable ground to believe that the granting of the Club's application was not necessary for public convenience.

I cannot agree with the Commission's argument in this respect, as I am unable to understand how the reason for refusal as advanced could furnish the basis for a denial of an application by a club.

The words "public convenience or necessity" under Subsection 1 of Section 22 of the Act were construed by the Court in the case of *Lord v. Delaware Liquor Commission*, 2 *Terry* 154, 17 *A.* 2d 230, to have reference only to the ability of the public to have available a convenient place to make a legal purchase of liquor. If this be so, then the presence or absence of a demand for public convenience or necessity could have nothing whatsoever to do with the refusal to grant a club a license for off-premises consumption, to which the general public is a stranger in the sense that persons not club members could not make purchases under a club license.

It is my opinion that the provisions contained in Subsection 1 of Section 22, providing a reason for the refusal of an application for an off-premises license, cannot be successfully

asserted by the Commission as a reason for refusing to issue the Club an off-premises license. If an application by a club for an off-premises license is to be refused, then the reason must be other than the one asserted in the present case.

For the reasons indicated in this opinion, the decision of the Commission not to issue to the Club an off-premises license must be reversed. An order will be entered directing the Commission to issue to the Club such a license forthwith.