Strafford,
No. 5319.

LUCIEN RAMSEY

<em>v.</em>

IRENE C. ANCTIL d/b/a MELROSE GRILL.

Argued April 6, 1965.<br/>Decided July 21, 1965.

*Burns, Bryant & Hinchey* and *Rich & Burns* (*Mr. Robert E. Hinchey* orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* (*Mr. Norman H. Stahl* orally), for the defendant.

KENISON, C. J. The first question presented by this case is

whether this state recognizes a common-law action for damages for injuries to an intoxicated consumer of liquor who is served additional intoxicating liquor by a liquor licensee. Annot. 75 A.L.R. 2d 833. New Hampshire has no dramshop law or civil damage law, although it did have such a law from 1870 until it was repealed in 1934. Laws 1870, c. 3, s. 3; P. L., c. 144, ss. 52, 53; Laws 1934, c. 3, s. 43. *Hollis* v. *Davis,* 56 N. H. 74; *Hoyt* v. *Tilton,* 81 N. H. 477; Annot. 64 A.L.R. 2d 705.

The defendant argues that the repeal of our civil damage statute in 1934 is conclusive proof that there is no common-law action for injuries to an intoxicated patron who is served additional liquor by a liquor licensee. This argument goes too far, proves too much and is inconsistent with past precedents in this state in analogous cases where a criminal penalty has been substituted for a statutory civil action for damages. *Hanlon* v. *Partridge,* 69 N. H. 88, 90-91. The repeal of the civil damage statute did not abrogate the common-law principles of negligence. 1 Sutherland, Statutory Construction, s. 2043 (3d *ed.* 1943); Annot. 54 A.L.R. 2d 1152.

Sales of liquor to certain persons including minors, habitual drunkards and those under the influence of liquor are prohibited by statute (RSA 175:6) and the violator of this statute is subject to a criminal penalty. RSA 182:1. The prohibition is as follows: "PROHIBITED SALES. No licensee, sales agent, nor any other person, shall sell or give away or cause or permit or procure to be sold, delivered or given away any liquor or beverage to a minor, to an habitual drunkard, to an insane person, to a person under the influence of liquor, or to any other person to whom any court, selectman of a town, chief of police, overseer of public welfare or the commission shall prohibit sale. In no case shall any section of this title be so construed as to permit sale of liquor or beverages in any so-called saloon or speak-easy." RSA 175:6. Violation of RSA 175:6 is evidence of negligence.

We conclude that a plaintiff may maintain a common-law action for injuries received as a result of being served additional liquor, while intoxicated, by a liquor licensee. To this limited extent we agree with the reasoning of *Rappaport* v. *Nichols,* 31 N.J. 188; *Waynick* v. *Chicago's Last Department Store,* 269 F. 2d 322 (7th Cir. 1959), and of *Schelin* v. *Goldberg,* 188 Pa. Super. 341 (1958) as explained and restricted in *Majors* v. *Brodhead Hotel,* 416 Pa. 265 (1965).

The second question is whether contributory negligence of the

plaintiff is a defense to the common-law action for injuries received by an intoxicated patron who is served additional liquor by the liquor licensee. There are cases holding that contributory negligence is not a defense. *Soronen* v. *Olde Milford Inn,* 84 N. J. Super. 372; *Hauth* v. *Sambo,* 100 Neb. 160. "The plaintiff's contributory negligence bars his recovery for the negligence of the defendant consisting of a violation of a statute, unless the effect of the statute is to place the entire responsibility for such harm as has occurred upon the defendant." Restatement (Second), Torts, *s.* 483 (Tent. Draft No. 9, 1963). Although New Jersey and Pennsylvania decisions have construed their criminal statutes as barring the defense of contributory negligence, we are convinced that our statutes were not designed to eliminate the defense of contributory negligence or to place the entire responsibility on the liquor licensee. *Hoyt* v. *Tilton,* 81 N. H. 477, 481.

We recognize that a drunken person is as much entitled to protection as a sober one and much more in need of it. *Robinson* v. *Pioche, Bayerque & Co.,* 5 Cal. 460, 461 (1855). See *Wheeler* v. *Railway,* 70 N. H. 607, 619; *Small* v. *Railroad,* 85 N. H. 330, 332. We also recognize that if the statute is construed broadly to eliminate the defense of contributory negligence that the consumers of alcoholic beverages would receive greater protection and more pecuniary security. However, we find nothing in the history of our liquor laws that warrants such an interpretation and in the final analysis this is a determining factor. Whether contributory negligence " . . . is a bar to the liability of a defendant who has violated a statutory duty is a matter of the legislative purpose which the court finds in the statute. If it is found to be intended merely to establish a standard of ordinary care for the protection of the plaintiff against a risk, his contributory negligence with respect to that risk will bar his action, as in the case of common law negligence." Prosser, Torts, *s.* 64, *p.* 435 (3d *ed.* 1964).

The plaintiff contends that the present situation is similar to legislation forbidding the sale of certain firearms. In this connection it may be noted that RSA 571:20 specifically provides that the seller of certain firearms "shall be liable for all damages resulting from a violation of the provisions of this section . . . ." See also, RSA 160:3, 5 which prohibit the sale of fireworks and provide a criminal penalty. The statute also provides that the violator " . . . in addition shall be liable, in any civil action, to any person for damages resulting from such illegal sale or

use of fireworks, and neither assumption of risk nor contributory negligence shall be a defense for such violator." RSA 160:5.

This court has not hesitated to place liability on defendants who were responsible for the intoxication of plaintiffs (see *Henderson* v. *Sherwood Motor Hotel*, 105 N. H. 443), nor have we hesitated to overrule a common-law precedent when the reasons supporting it no longer exist. See *Dean* v. *Smith*, 106 N.H. 314. But in all of these cases we have attempted to restrict our extension of liability within the framework of the legislative purpose of any relevant statute. In the present case we find no basis for eliminating the defense of contributory negligence. See 2 Harper & James, The Law of Torts, *s.* 22.9 (1956).

*Remanded.*

All concurred.