Deborah Ann TAYLOR, Plaintiff,

v.

Maria RUIZ and George A. Rhoades, Inc., a Delaware corporation, t/a "GG's" and "Crystal Palace", Defendants.

Superior Court of Delaware, Kent County.

Submitted Oct. 16, 1978.

Decided Oct. 27, 1978.

Harold Schmittinger and John R. Williams of Schmittinger & Rodriguez, Dover, for defendant.

Richard A. Zappa of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

OPINION

TEASE, Judge.

The plaintiff was a pedestrian on a highway fronting a night club owned by defendant George A. Rhoades, Inc. (hereinafter "Rhoades") when she was struck by a patron of Rhoades who was leaving its establishment. The patron had been served alcoholic beverages by Rhoades just prior to leaving the corporation's parking lot and the plaintiff claims that the defendant Rhoades is liable for her injuries because it, as an establishment licensed to sell and serve alcoholic beverages, dispensed such beverages to an intoxicated person, the defendant Ruiz.

Rhoades has moved for summary judgment on the basis that there is no common law or statutory duty which could hold it liable in damages for the dispensing of alcoholic beverages to an intoxicated person.

The plaintiff argues that (1) the common law creates a duty on a dispenser of alcoholic beverages relative to sales to intoxicated persons in certain fact situations and (2) 4 Del.C. §§ 711 and 713 create a statutory liability.

The defendant motor vehicle operator had been a patron of Rhoades' establishment during the evening in question, arriving at about 9 o'clock p. m. and leaving at approximately 1 o'clock a. m. after consuming some 10 mixed drinks served to her by an employee of Rhoades. The accident and injury occurred as the plaintiff was leaving the same night club on foot and the defendant Ruiz was leaving the club in her automobile.

The plaintiff claims that Rhoades was negligent in serving the codefendant alcoholic beverages at a time when it knew or should have known that she was intoxicated and that such negligence was a proximate cause of her injuries. For the purposes of this motion only Rhoades assumes that such facts are true.

At common law the dispenser of alcoholic beverages could not be held liable for injuries or damages resulting from the acts of intoxicated persons to whom beverages were sold while sober, on the underlying theory that the proximate cause of the injury or damage was the drinking of the alcohol and not the sale or service of the beverage by the dispenser. 48 *C.J.S. Intoxicating Liquors* § 430; 45 *Am.Jur.2d, Intoxicating Liquors,* § 553; 75 *A.L.R.2d* 833 (1961). The common law rule is succinctly stated in the oft-quoted passage from *State for Use of Joyce v. Hatfield,* 197 Md. 249, 78 A.2d 754, Md.App. (1951) as follows:

"Apart from statute, the common law knows no right of action against a seller of intoxicating liquors, as such, for 'causing' intoxication of the person whose negligent or wilful wrong has caused injury. Human beings, drunk or sober, are responsible for their own torts. The law (apart from statute) recognizes no relation of proximate cause between the sale of liquor and a tort committed by a buyer who has drunk the liquor."

The law governing the sale of alcohol to normal, able-bodied men, drunks, minors, the mentally ill and others, is aptly and concisely summarized in §§ 553 and 554 of 45 *Am.Jur.2d, Intoxicating Liquors,* supra. It would serve no purpose, for reasons which appear below, to repeat and analyze the cases cited in the text or the briefs of counsel. If called upon to rule on the common law liability of a tavern this writer would surely adopt what he considers to be the logical, modern, common-sense view that one who furnishes alcoholic beverages to any person who already appears to be under the influence can be held liable in tort for negligence for any damages proximately caused by the patron as a result of such intoxication.

However, the question of common law responsibility is academic.

\* \* \*

Delaware has, like a growing number of states, statutes regulating the sale of alcoholic beverages to undesirable persons and those unable to reasonably control their appetites.

The persuasive trend of modern tort law in this area of statutory regulation is best illustrated in the well-reasoned opinion of Chief Judge Baselon in *Marusa v. District of Columbia,* 157 U.S.App.D.C. 348, 484 F.2d 828, D.C.Cir. (1973).

In *Marusa* the court held that regulations governing the sale of alcoholic beverages in the District were enacted to enhance the public safety. In that case the statute made it a criminal offense for a licensed dispenser to serve an alcoholic beverage to an intoxicated person or one who appears intoxicated. 25 *D.C.Code* §§ 121, 132. The court set out the criteria for determining whether violation of a criminal statute can create civil liability as follows:

"Generally, the law or regulation should be one designed to promote safety; the plaintiff must be 'a member of the class to be protected' by the statute and the defendant must be a person upon whom the statute imposes specific duties."

The court reasoned that the legislative purpose was to impose a duty on the dispenser of alcoholic beverages which was owed to the community at large; that, therefore, the injured third party was within the class to be protected by the statute and had a cause of action in negligence for the breach of that duty owed to the community.

Though they may not yet be in the majority, several state courts have adopted the view of *Marusa.*[1]

---

1. Other jurisdictions construing statutory regulations and imposing civil liability on the dispenser of alcoholic beverages are as follows: *Ramsey v. Anctil,* 106 N.H. 375, 211 A.2d 900

In Delaware a statute similar to those enacted elsewhere appears in 4 *Del.C.* § 711, forbidding a licensed dispenser of alcoholic beverages to sell or serve such beverages to a person who is intoxicated or appears to be intoxicated. A violation of that statute is a criminal offense.[2]

Although 4 *Del.C.* § 711 has never been previously construed, its general purpose would appear to be the protection of an individual from the evils of intoxication and the protection of the community at large from the possible contact with an inebriated person. This construction of our statute is consonant with the construction given similar statutes in other jurisdictions and I find it most persuasive.[3]

Some insight into the construction of 4 *Del.C.* § 711 may be found in Judge Terry's opinion in *Wilmington Country Club v. Delaware Liquor Commission*, 8 Terry 352, 91 A.2d 250, Del.Super. (1952). In construing the Liquor Control Act found in the 1935 Code, Judge Terry said that the dual purpose of the act was to make alcoholic liquor available to the inhabitants of the State and that the business of distributing those liquors, often looked upon as a source of evil, should at all times be rigidly controlled in the interest of the general welfare.

The control act commented upon by Judge Terry contained the prohibition against selling or serving alcoholic beverages to intoxicated persons in section 6146(4).[4] Judge Terry's interpretation of the pur-

poses of the act is meaningful because of the similarity in the language of the two sections.

Since, therefore, the plaintiff was within the class of persons the statute was designed to protect, defendant Rhoades owed a statutory duty to the plaintiff and a breach of such duty imposes civil liability for negligence. *Brown v. Robyn Realty Co.*, 367 A.2d 183, Del.Super. (1976); *Restatement of the Law of Torts, 2d*, § 315.

The rationale behind the developing rule of law was eloquently stated by Justice Musmanno of the Pennsylvania Supreme Court in *Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A.2d 550 (1964) as follows:

"Since an intoxicated person is and can be an instrument of danger to others, especially if he is operating a motor vehicle, the Legislature of Pennsylvania declared by the Act of 1951, as already stated, that it shall be unlawful for any person to sell liquor to one already intoxicated. The first prime requisite to de-intoxicate one who has, because of alcohol, lost control over his reflexes, judgment and sense of responsibility to others, is to stop pouring alcohol into him. This is a duty which everyone owes to society and to law entirely apart from any statute. The person who would put into the hands of an obviously demented individual a firearm with which he shot an innocent third person would be amenable in dam-

(1965); *Smith v. Clark* 411 Pa. 142, 190 A.2d 441 (1963); *Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A.2d 550 (1964); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959); *Vesely v. Sager*, 5 Cal.3d 153, 95 Cal. Rptr. 623, 486 P.2d 151 (1971); *Brittain v. Herron*, 159 Ind.App. 663, 309 N.E.2d 150 (1974); *Adamian v. Three Sons, Inc.*, 353 Mass. 498, 233 N.E.2d 18 (1968); *Thaut v. Finley*, 50 Mich. App. 611, 213 N.W.2d 820 (1974); *Davis v. Shiappacossee*, Fla., 155 So.2d 365 (1963); *Deeds v. United States*, 306 F.Supp. 348, D.Mont. (1969); *Waynick v. Chicago's Last Department Store*, 269 F.2d 322, 7th Cir. (1959).

2. 4 *Del.Code* § 711 reads as follows: Any licensee or an employee of a licensee, or person in charge of a licensed premises shall refuse to sell or serve alcoholic liquors to any individual if such individual is intoxicated or appears to be intoxicated. Such licensee, employee of a

licensee or person in charge of the licensed premises shall not be liable to any individual for damages claimed to arise from the refusal to sell alcoholic liquors if such refusal is based upon the provisions of this section.

3. See *Marusa v. District of Columbia*, 157 U.S. App.D.C. 348, 484 F.2d 828, D.C.Cir. (1973) and the cases cited in footnote 1 above.

4. Revised Code 1935 § 6146(4) reads as follows: Any "person" in charge of a "hotel", "restaurant", "club", or "gathering of persons" shall refuse to "sell" or to serve "alcoholic liquor" to any individual if such individual is intoxicated or appears to be. Such "person" in charge shall not be liable to said individual for damages claimed to arise from such refusal to "sell" such "alcoholic liquor".

ages to that third person for unlawful negligence. An intoxicated person behind the wheel of an automobile can be as dangerous as an insane person with a firearm. He is as much a hazard to the community as a stick of dynamite that must be de-fused in order to be rendered harmless. To serve an intoxicated person more liquor is to light that fuse."

Therefore, whether the defendant Rhoades continued to serve alcohol when it knew or should have known that defendant Ruiz was intoxicated is a question of fact to be decided at trial. Whether the breach of the duty outlined above was the proximate cause of plaintiff's injuries is also a question of fact for the jury. *Ebersole v. Lowengrub*, 4 Storey 463, 180 A.2d 467, Del. Supr. (1962).

If Rhoades or its agents knew or should have known that the defendant was intoxicated and the continuing service of alcoholic beverages to Ruiz while intoxicated was a proximate cause of the plaintiff's injuries, then the plaintiff is entitled to recover from the defendant Rhoades.

Consistent with the knowledge that all law is simply the application of common sense and sound judgment, gleaned from all of life's experiences, so must the application of these doctrines be conveyed to the trier of facts—in this case with great caution and careful explanation. The seasoned drinker can *appear* to the most experienced and conscientious barkeeper or waitress to be cordial, quiet, considerate and sober—then rise from his seat and fall on his face.

Defendant Rhoades' motion for summary judgment must be, and it is hereby, denied.