Ronald STRAUSS, Plaintiff below, Appellant,

v.

Lawrence I. SILVERMAN, James C. White, Harold Friedman, Michael L. Centrella, Bertram Blum, all as members of the State Board of Podiatry Examiners of Delaware, and the State Board of Podiatry Examiners of Delaware, a Governmental Agency, Defendants below, Appellees.

Supreme Court of Delaware.

Submitted Jan. 16, 1979.

Decided Feb. 9, 1979.

Robert B. Coonin, of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for plaintiff-appellant.

Matthew J. Lynch, Jr., Deputy Atty. Gen., Wilmington, for defendants-appellees.

Before DUFFY, QUILLEN and HORSEY, JJ.

DUFFY, Justice:

This is an action by Dr. Ronald Strauss (plaintiff), a licensed podiatrist, to enjoin the State Board of Podiatry Examiners of Delaware (Board) from enforcing a resolution which bans the use by podiatrists of nitrous oxide (commonly called "laughing gas"). The Court of Chancery granted judgment for the Board and plaintiff brings this appeal.

I

The Delaware Code defines the practice of podiatry as follows:

". . . the diagnosis and the medical, surgical, mechanical, manipulative and electrical treatment of all ailments of the human foot and leg, *excepting* amputation of the foot or leg or *the administration of an anesthetic other than local.*" (Emphasis added.)

24 *Del.C.* § 501(a).

By a resolution adopted on November 17, 1975, the Board announced that it had determined nitrous oxide to be a general anesthetic and, as such, may not be administered by a podiatrist. In other words, the Board concluded that the use of nitrous oxide by a Delaware podiatrist is prohibited by § 501. The Board then gave notice to all Delaware podiatrists that continued use of nitrous oxide would result in suspension of license.*

Dr. Strauss brought this action to enjoin enforcement of the resolution and the Board filed a motion to dismiss under Chancery Court Rule 12(b)(6). Treating the motion as one for summary judgment, the Vice Chancellor denied injunctive relief and entered judgment for the Board. This appeal followed.

---

* The Board's notice to all practicing podiatrists stated:

"On November 17, 1975 at a meeting of the Delaware State Board of Podiatry Examiners, the following resolution was unanimously adopted:

Since our state law specifically states 'use of local anesthesia,' and since expert written reports were received from Dr. [Peter J.]

II

A threshold question is whether the Board had the authority to adopt the resolution under attack. The Board is, of course, a statutory agency vested with authority to control the practice of podiatry in Delaware, § 504: it conducts examinations of applicants for licenses, § 505; it grants certificates to successful applicants, § 505; it may revoke or suspend certificates for cause, § 510; it may make such rules as necessary to conduct its meetings, § 505. We think that there is implied in this express grant of authority to control the practice of podiatry the authority to interpret the meaning of podiatry itself. See 1 *Am. Jur.2d* Administrative Law §§ 94–97 (1962); 2 *Am.Jur.2d* Administrative Law §§ 233–236 (1962). It is a necessary incident to the powers expressly granted to the Board.

A second question is whether the resolution was consistent with the purpose of the statute. See *Wilmington Country Club v. Delaware Liquor Comm'n*, Del.Super., 8 Terry 352, 91 A.2d 250 (1952). We agree with the Vice Chancellor that the resolution was consistent with the clear statutory purpose of confining podiatrists to the administration of local, as opposed to general, anesthetics.

That brings us to the issue on appeal. The gist of plaintiff's claim is that the Board acted arbitrarily and capriciously in adopting the resolution. He says that the Board did not give notice of its intention to adopt the resolution and thus interested parties did not have an opportunity to be heard in opposition. And plaintiff opposes the resolution because, he contends, nitrous oxide in diluted concentrations is not a general anesthetic, but is, rather, a sedative or analgesic.

Mette, director of anesthesiology at the Wilmington Medical Center and from Dr. [A. A.] Golden, chief of anesthesiology at Riverside Hospital, that nitrous oxide inhalant is a general anesthetic, it is, therefore, illegal for any podiatrist licensed in Delaware to use same.

The use of nitrous oxide by any podiatrist will result in the suspension of license."

We agree with the Vice Chancellor that the Board did not act arbitrarily or capriciously. Prior to adopting the resolution, the Board consulted two medical doctors specializing in anesthesiology, and their credentials are unquestioned, concerning the nature and use of nitrous oxide. That consultation and the opinions it produced do two things: they comprise a record of sufficient evidence to support the decision of the Board, and they show that the Board did not act arbitrarily or capriciously in proscribing the use of nitrous oxide by Delaware podiatrists. Compare *Donovan v. Delaware Water & Air Resources Comm'n*, Del. Supr., 358 A.2d 717, 723 (1976); *In re Artesian Water Company*, Del.Super., 189 A.2d 435 (1963). Therefore, we affirm the judgment of the Court of Chancery.

\* \* \* \* \* \*

While our decision to affirm the judgment relieves the Board of any further legal duty with respect to the matter in issue in this lawsuit, we make a few observations to guide the Board in the performance of its duties.

The record upon which the Board based its resolution is barely adequate to survive the legal challenge made in this action. It is, indeed, a minimal base upon which to ground a regulation applicable to all podiatrists, whose practices, procedures and equipment may well vary from doctor to doctor. When there is a conflict in opinion, as there is on whether nitrous oxide is a general anesthetic or, if diluted, merely a sedative or analgesic, the Board, when presented with an application, should be willing at reasonable intervals to review its conclusion on the matter and should indicate in its records that it at least considered points of view opposing the conclusion it reaches.

The State Administrative Procedure Act, 29 *Del.C.* §§ 6401–6461, which became effective after adoption of the resolution by the Board, does not apply to the Board of Podiatry Examiners of Delaware. See § 6461. Nevertheless, the Board should make an effort, particularly if legal counsel is available to it, to use the Act as a guide in the enactment and administration of its rulemaking function, with specific reference to the provisions regarding notice, § 6415; written submittals, § 6416; and the written record, § 6418.

Affirmed.