Hillsborough
No. 79-286

### OSCAR LANE, d/b/a
### NASHUA HOME IMPROVEMENT SERVICES

v.

### FRED ACKLEY & a.

February 14, 1980

*Linda S. Dalianis*, of Nashua, by brief and orally, for the plaintiff.

*Nedved & Senn*, of Nashua (*Howard J. Nedved* orally), for the defendant.

BOIS, J.   These are actions in which the plaintiff seeks to recover a balance claimed due for services performed and materials furnished in the construction of a home. The defendant filed a counterclaim alleging noncompliance with the terms of the contract. A jury returned a verdict for the plaintiff. The defendant's motions to dismiss and for a directed verdict were denied, and exceptions thereto were reserved and transferred by the Trial Court (*Loughlin*, J.). We overrule the defendant's exceptions and affirm the verdict.

The defendant's only challenge is directed at the court's denial of his motion to dismiss filed at the close of the plaintiff's case and renewed after the jury's verdict. He argues that the plaintiff never gave a clear and detailed explanation of the amount paid out and some of the expenses claimed were not only approximations but were unsupported by check, vouchers or any other records.

The transcript reveals that expenditures of approximately $15,000 were substantiated by check stubs introduced into evidence as exhibits. The plaintiff, without objection, testified as to payroll and other expenses in excess of $20,000 which were recorded in and paid out of a separate account, the records of which he no longer held.

■ In denying the motion to dismiss, the court found: "I suppose it goes to the weight of the evidence . . . in that he doesn't have documentary proof, . . . I will let the jury decide it." The inquiry into the weight of the evidence is a finding of fact and not a ruling of law. The only question for this court is whether there was any evidence to reasonably support it. *Wisutskie v. Malouin*, 88 N.H. 242, 244, 186 A. 769, 770 (1936). As we stated in *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 495–96, 389 A.2d 429, 431 (1978):

> Weighing of substantive evidence is the very essence of the jury's function. Consequently the trial judge has been granted little discretion to withdraw questions of substantive fact from a jury's consideration or to overturn their verdict. Motions for a directed verdict and judgment notwithstanding the verdict are similar except as to their timing at trial. Such motions may be granted only when the evidence and all reasonable inferences therefrom construed most favorable to the party opposing the motion would not enable a jury to find for that party. (Citations omitted.)

*See London v. Perreault*, 118 N.H. 392, 394, 387 A.2d 342, 344 (1978); *Amabello v. Colonial Motors*, 117 N.H. 556, 561, 374 A.2d 1182, 1185 (1977).

■ We hold that there was evidence to support the jury's verdict and find no abuse of discretion in the trial court's refusal to grant the defendant's motions. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 496, 389 A.2d 429, 431 (1978); *Eichel v. Payeur*, 107 N.H. 194, 196–97, 219 A.2d 287, 288–89 (1966).

*Affirmed.*

All concurred.