Cheshire
No. 79-377

BRIAN BURNS

v.

DAVID B. BRADLEY
AND
ANN S. BRADLEY
d/b/a
ASHUELOT RIDGE COUNTRY CLUB

September 3, 1980

*Lane & Lane*, of Keene (*Howard B. Lane, Jr.*, orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Eugene Van Loan* orally), for the defendants.

BOIS, J. The plaintiff brought suit to recover damages for injuries sustained when he fell over an unmarked embankment on the defendants' business premises while admittedly intoxicated. The question on appeal is whether the Trial Court (*King*, J.) erred in directing a verdict for the defendants at the close of the plaintiff's case. Finding no error, we affirm.

On March 26, 1976, the plaintiff and a friend drove to the Ashuelot Ridge Country Club (the Ridge), a public tavern owned by the defendants, and arrived there at 9:00 P.M. The plaintiff testified that before arriving he consumed "two or three beers" and shared a marijuana cigarette with a friend. He further testified

that he consumed at least seven alcoholic drinks after he arrived. At approximately midnight, the plaintiff went outside and sat in his friend's car for a period of time, but then left the car and went behind the defendants' establishment where he fell over a cement embankment. As a result of the fall, the plaintiff suffered head and spinal injuries and was confined to a hospital for eight days. The plaintiff testified that he did not know why he went behind the building. There was additional testimony that although the parking lot and the front of the building were lighted with flood lights, the rear of the building was dark and there were no signs or barricades indicating that there was an embankment.

The plaintiff brought suit against the defendants relying on two claims. He first asserts that the defendants owed him a duty to refrain from serving him such a quantity of liquor as to place him in the intoxicated condition that he claims he was in when the accident occurred. In the alternative, he argues that the defendants failed to protect him from falling over the embankment by either erecting barricades or properly lighting the area.

■ The plaintiff first argues that there was sufficient evidence before the court to withstand a motion for a directed verdict. In this State, a motion for a directed verdict or nonsuit may be granted only when the evidence and all reasonable inferences therefrom construed most favorably to the party opposing the motion, would not enable a jury to find for that party. *Lane v. Ackley*, 120 N.H. 127, 128, 411 A.2d 1135, 1136 (1980); *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 496, 389 A.2d 429, 431 (1978). Applying this standard, we find no error in the court's granting of the defendants' motion.

■ With regard to the plaintiff's first claim, it is clear that the defendants owed a duty to the plaintiff to refrain from serving him liquor if he was intoxicated. New Hampshire permits a plaintiff to maintain a common-law action against a liquor licensee for injuries received as a result of being served additional liquor while in an intoxicated state. *Ramsey v. Anctil*, 106 N.H. 375, 211 A.2d 900 (1965). Moreover, selling liquor to an intoxicated person is prohibited by RSA 175:6 (Supp. 1979), and a violation thereof is evidence of negligence. *Ramsey v. Anctil, supra* at 376, 211 A.2d at 901. Before liability for negligence may be imposed, however, the plaintiff must show both the existence of a duty and a breach thereof. W. PROSSER, THE LAW OF TORTS § 30, at 143 (4th ed. 1971). The only evidence that the plaintiff introduced in support of this claim was his own testimony that he had seven drinks at the

Ridge. There was no evidence that the plaintiff was in a state of intoxication or that the *defendants* in fact directly served him any liquor. Moreover, there was no evidence that the plaintiff's behavior indicated that he was intoxicated or that the defendants knew or should have known that the plaintiff had been drinking beer and smoking marijuana prior to his arrival at the Ridge.

The test for negligence is whether the reasonably prudent person under the circumstances should recognize and foresee an unreasonable risk or likelihood of harm to others. *See id.* § 31. The evidence and all reasonable inferences therefrom construed most favorably to the plaintiff would not enable a jury to find that the defendants had breached their duty to refrain from serving the plaintiff additional liquor while he was intoxicated. The directed verdict on this claim was therefore proper. *Lane v. Ackley supra.*

■ The plaintiff's second claim presents a threshold question of which law should apply. In *Ouellette v. Blanchard,* 116 N.H. 552, 364 A.2d 631 (1976), decided six months after the plaintiff's accident, this court abolished the distinctions between invitee, licensee, and trespasser for purposes of determining the standard of care owed by landowners to persons coming onto their property. We find, however, that the rule set forth in that case is not applicable here. *Ouellette,* decided September 30, 1976, clearly indicates that the new rule is to have prospective application only: "we hold that *henceforth* in New Hampshire owners and occupiers of land shall be governed by the test of reasonable care under all the circumstances in the maintenance and operation of their property" (emphasis added). *Id.* at 557, 364 A.2d at 634. Moreover, *Ouellette* overruled long-settled precedent upon which landowners (and their insurers) had relied; it would be manifestly unjust to apply such a decision retroactively. *See, e.g., Vickers v. Vickers,* 109 N.H. 69, 242 A.2d 57 (1968). We therefore decide this case under the law prior to *Ouellette.*

■ ■ The plaintiff clearly was an invitee while at the defendants' establishment. The issue is whether the plaintiff became a trespasser when he went around to the rear of the building. An invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. *Dowd v. Portsmouth Hospital,* 105 N.H. 53, 58, 193 A.2d 788, 792 (1963). A proprietor has a duty to invitees to exercise reasonable care for their protection. *Pridham v. Cash & Carry Bldg. Center, Inc.,* 116 N.H. 292, 294, 359 A.2d 193, 195 (1976); W. PROSSER, THE LAW OF TORTS § 61, at 392 (4th

1971). This duty, however, only extends to those parts of the business premises in which a business invitee might reasonably be expected to go. *Id.* "The law here is that invitation extends to such parts of premises as the landowner ought in reason to understand that his invitees would understand were for their use." *Cable v. Donahue & Hamlin, Inc.*, 85 N.H. 258, 259, 161 A. 383 (1931).

■■ When it is not clear whether a particular area is a part of the premises in which an invitee might reasonably be expected to go, the burden of proof is on the plaintiff to show inducement or invitation. It then becomes a question of fact for the jury to determine whether or not the plaintiff is an invitee. *See Dowd v. Portsmouth Hospital, supra* at 55, 193 A.2d at 790. Liability arises from the fact that the person injured entered the premises because he was led to believe that such use was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used. *Id.* at 56, 193 A.2d at 790; *Menard v. Cashman*, 94 N.H. 428, 431, 55 A.2d 156, 159 (1947).

■ For the purpose of operating the defendants' tavern, the area of invitation clearly included the lighted parking lot, the entrance, and the interior of the building. There is no evidence in the record, however, which indicates that the plaintiff was induced or invited to walk behind the building. In fact, he testified that he had "no idea" why he went there. Moreover, the record is devoid of any evidence indicating that the defendants knew or should have known that customers might be induced to walk around to the back of the building. Accordingly, the plaintiff was a trespasser when he walked behind the premises and fell over the embankment. W. PROSSER, THE LAW OF TORTS § 61, at 392 (4th ed. 1971). The trial court correctly directed a verdict for the defendants on this claim as well. *Lane v. Ackley supra.*

■ The plaintiff finally argues that the trial court granted the motion for a directed verdict relying upon evidence that the plaintiff was contributorily negligent and that this is an error of law under the State's comparative negligence statute. RSA 507:7-a (Supp. 1979). The record does not clearly reveal the precise legal grounds upon which the court based its decision. The court simply states that "under all the circumstances" it felt compelled to grant the motion. This omission is not reversible error, however, because "[i]n the absence of specific findings, the trial court is presumed to have made all findings necessary to support its decree." *Lepage v. L'Heureux*, 119 N.H. 201, 202, 399 A.2d 977, 978 (1979). Where a

correct decision is based on mistaken grounds, this court will sustain it if there are valid alternate grounds to support it. *Favorite v. Miller*, 176 Conn. 310, 317, 407 A.2d 974, 978 (1978). We have already found that the directed verdict was properly granted on other grounds, and therefore need not decide whether the trial court erroneously directed a verdict based on contributory negligence.

*Affirmed.*

KING, J., did not sit; the others concurred.