Kathleen L. SELCHERT, individually and as administratrix of the estate of Virgil J. Selchert, deceased, Plaintiff and Appellant,

v.

Steven E. LIEN and Birch-Miller Post No. 9 American Legion Department of South Dakota, Defendants and Appellees.

No. 14727.

Supreme Court of South Dakota.

Considered on Briefs April 11, 1985.

Decided July 24, 1985.

Ronald K. Roehr, Milbank, for plaintiff and appellant.

W.A. Hackett of Austin, Hinderaker, Hackett & Hopper, Watertown, and William E. Coester, Milbank, for defendants and appellees.

FOSHEIM, Chief Justice.

Kathleen Selchert (Selchert), individually and as administratrix of the estate of her deceased husband, Virgil Selchert (decedent), appeals from an Order dismissing her complaint against Birch-Miller Post No. 9 American Legion Department of South Dakota (licensee) and Steven Lien (Lien), the licensee's employee. We reverse and remand.

■ For the purposes of deciding a motion to dismiss, the court must treat as true all facts properly pleaded in the complaint. It does not admit conclusions of the pleader either of fact or law. *Akron Savings Bank v. Charlson,* 83 S.D. 251, 158 N.W.2d 523 (1968); *Hirning v. Forsberg,* 49 S.D. 46, 206 N.W. 471 (1925).

Throughout the evening of January 3, 1984, and the early hours of January 4, 1984, the licensee's employees sold and served decedent alcoholic beverages other than low-point beer. As a result, the decedent became highly intoxicated. With full knowledge of the decedent's intoxication, licensee's employees continued to serve him alcoholic beverages in violation of SDCL § 35-4-78(2). He drove himself home, parked his car in the garage, closed the garage door by remote control, stayed in the vehicle, and died of carbon-monoxide poisoning.

Appellant presents the following issues of first impression:

(1) Does a decedent's estate have a cause of action against an on-sale liquor licensee and the licensee's employees for wrongful death where the licensee, through its employees, knowingly violated SDCL § 35-4-78(2) by knowingly selling an alcoholic beverage to the decedent while he was intoxicated and where such

violation is the cause of the decedent's death?

(2) Does the surviving spouse of a decedent have a cause of action, either independent or derivative, against an on sale liquor licensee and the licensee's employees where the licensee, through its employees, knowingly violated SDCL § 35-4-78(2) by knowingly selling an alcoholic beverage to the decedent while he was intoxicated and where such violation is the cause of the decedent's death?

Selchert's claim rests on SDCL § 35-4-78(2) and *Walz v. City of Hudson,* 327 N.W.2d 120 (S.D.1982).[1] She recognizes that *Walz* involved a third party injured by a consumer of alcoholic beverages, but nevertheless contends that *Walz* also creates a cause of action for the injured consumer. SDCL § 35-4-78 provides:

No licensee shall sell any alcoholic beverage, except low-point beer: (1) to any person under the age of twenty-one years; (2) to any person who is intoxicated at the time, or who is known to the seller to be an habitual drunkard. A violation of this section is a Class 1 misdemeanor.

Defendants rely on Iowa and Minnesota cases which have rejected licensees' liability to an injured consumer. *Evans v. Kennedy,* 162 N.W.2d 182 (Ia.1968); *affirmed in Robinson v. Bognanno,* 213 N.W.2d 530 (Iowa 1973); and *Randall v. Village of Excelsior,* 103 N.W.2d 131, 258 Minn. 81, (1960). The *Bognanno* decision was based upon *Cowman v. Hansen,* 250 Iowa 358, 373, 92 N.W.2d 682, 690 (1958). The entire line of *Cowman* cases was overruled in *Lewis v. State,* 256 N.W.2d 181 (Iowa 1977). *See Haafke v. Mitchell,* 374 N.W.2d 381, 384 (Iowa 1984). The Minnesota decision turns on statutory construction of a civil damage act rather than a liquor law violation.

■ In *Walz,* we stated that violation of a statute is negligence as a matter of law if the statute "was intended to protect the

---

1. We note that *Walz* was abrogated by statute. *See* SDCL § 35-4-78 (Interim Supp.1985) This statute became effective July 1, 1985. *Compare*

*Haafke v. Mitchell,* 347 N.W.2d 381 (Iowa 1984); *Ramsey v. Anctil,* 106 N.H. 375, 211 A.2d 900 (1965).

class of persons in which plaintiffs are included against risk of the type of harm which has in fact occurred." *Walz*, 327 N.W.2d at 122 (citing, *inter alia*, *Weeks v. Prostrollo Sons, Inc.*, 84 S.D. 243, 169 N.W.2d 725 (1969)). We held that SDCL § 35-4-78(2) protects persons from the risk of death or injury "as a result of the drunkenness to which the particular sale of alcoholic liquor contributes," and establishes a standard of care or conduct, a breach of which is negligence as a matter of law. *Id.* at 122–23 (quoting from *Griffin v. Sebek*, 90 S.D. 692, 245 N.W.2d 481 (1976) (Dunn., J., dissenting)). Selchert argues that an injured consumer, such as decedent, is also within that class of protected persons. We agree. *See Vance v. United States*, 355 F.Supp. 756 (D.C.D.Alaska 1973); *Parrett v. Lebamoff*, 408 N.E.2d 1344 (Ind.App. 1980); *Haafke v. Mitchell*, 347 N.W.2d 381 (Iowa 1984); *Pence v. Ketchum*, 326 So.2d 831 (La.1976); *O'Hanley v. Ninety-Nine, Inc.*, 12 Mass.App. 64, 421 N.E.2d 1217 (1981); *Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333 (Mo.App.1981); *Ramsey v. Anctil*, 106 N.H. 375, 211 A.2d 900 (1965); *Soronen v. Olde Milford Inn, Inc.*, 46 N.J. 582, 218 A.2d 630 (1966); *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965).

■ We next address the defenses available to the defendant. There is conflict among the various states regarding the contributory negligence defense. *See Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333, 337–338 (Mo.App.1981); *see also Parrett v. Lebamoff, supra; Pence v. Ketchum, supra; Ramsey v. Anctil, supra; compare O'Hanley v. Ninety-Nine, Inc., supra.* In *Walz*, we held that "such negligence must be a proximate cause of any resulting injury and defenses, such as contributory negligence, are available when appropriate." *Walz*, 327 N.W.2d at 123. SDCL § 20-9-2 reads:

In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negli-

gence shall not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence.

This section applies to wrongful death cases. *Stone v. Hinsvark*, 74 S.D. 625, 57 N.W.2d 669 (1953). *See also Pleinis v. Wilson Storage and Transfer Company*, 75 S.D. 397, 66 N.W.2d 68 (1954). Furthermore, the presumption that decedent, acting on the instinct of self-preservation, was exercising ordinary care disappears when contrary factual evidence is introduced. *Peters v. Lohr*, 24 S.D. 605, 124 N.W. 853, 855 (1910); *McKiver v. Theo. Hamm Brewing Co.*, 67 S.D. 613, 297 N.W. 445 (1941); *Pleinis v. Wilson Storage and Transfer Company, supra.*

■ It follows that decedent's estate may pursue a cause of action for wrongful death subject to defenses, such as contributory negligence.

■ Selchert bases her cause of action for loss of consortium on *Swanson v. Ball*, 67 S.D. 161, 290 N.W. 482 (1940). In *Swanson*, a tavern owner and employees sold liquor to a decedent notwithstanding notice to them that liquor was not to be provided, and thus causing the death. *Id.* We held that independent of any statute the wife had a cause of action against anyone wrongfully interfering with the marital relationship, regardless of the agency or instrumentality employed to inflict the loss. *Id.* at 162–63, 290 N.W. at 483. *See also Moberg v. Scott*, 42 S.D. 372, 175 N.W. 559 (1919); *Holmstrom v. Wall*, 64 S.D. 467, 268 N.W. 423 (1936). The right of the wife to the consortium of her husband is one of her personal rights. *Swanson*, 67 S.D., at 164, 290 N.W. at 483.

In *Hoekstra v. Helgeland*, 78 S.D. 82, 98 N.W.2d 669 (1959), we again recognized the personal right of a wife to the consortium of her husband. We held that an independent cause of action exists for the negligent injury to the husband, *Id.* at 106, 98 N.W.2d at 681–83, but distinguished that

from the right to an independent action for loss of consortium resulting from the *death* of a husband with this language:

In *Moberg v. Scott*, 42 S.D. 372, at page 379, 175 N.W. 559, we pointed out that the decedent's injury therein was not caused by such act, neglect or fault as would have entitled him to recover if death had not ensued. That action could not have been brought under the wrongful death statute. This differs from the action now before us as the allegations of the complaint here show that an action could have been maintained by plaintiff's husband if death had not ensued.

Plaintiff is apparently claiming that actions may be brought based on the *death* of her husband, one under the wrongful death statute and the other for the loss of consortium. We do not believe that such was ever contemplated by the legislature by the adoption of the wrongful death statute. We are of the opinion that where an action can be brought under this statute, it is an exclusive remedy.

A comparison of the actions which plaintiff contends is authorized under our constitution and statutes, and the wrongful death statute further discloses the intent of the legislature. The parties receiving the benefits of these actions are of the same class. The plaintiff in this action would be a beneficiary and perhaps the chief or sole beneficiary in an action brought under the wrongful death statute. This statute expressly permits the jury to give damages as they may think proportionate to *all injury*. *Id.* at 110–11, 98 N.W.2d at 684 (emphasis original).

Although interspousal consortium is a personal right, *Swanson, supra,* a *cause of action* for the loss of spousal consortium is derivative in nature. *See Titze v. Miller,* 337 N.W.2d 176 (S.D.1983); compare *Titze,* 337 N.W.2d at 177 (S.D. 1983) (Henderson, J., dissenting); *Budahl v. Gordon & David Associates,* 287 N.W.2d 489, 493 (S.D.1980); *Wilson v. Hasvold,* 86 S.D. 286, 194 N.W.2d 251 (1972). Thus, its

validity depends upon the validity of the main cause of action. *Bitsos v. Red Owl Stores, Inc.,* 350 F.Supp. 850 (D.S.D.1972). A derivative cause of action therefore results from the negligent *injury* to one's spouse for the loss of consortium during decedent's lifetime prior to death. There is no such right, however, to a loss of consortium action, derivative or independent, for the wrongful death of one's spouse. *Hoekstra, supra.* The wrongful death statute constitutes the exclusive remedy. *Id.* It follows that Selchert's *cause of action* for loss of consortium was properly dismissed.

The case is remanded for further proceedings consistent with this opinion.

All the Justices concur.

WUEST, Circuit Court Judge Acting as a Supreme Court Justice, participating.